**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ELMER VERNON GRIFFIN, also
known as Elmo Griffin,

      Defendant - Appellant.

No. 03-7052

---

**Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 02-CR-47-S)**

---

J. Lance Hopkins, Tahlequah, Oklahoma, for Defendant-Appellant.

Paul G. Hess, Assistant United States Attorney (Sheldon J. Sperling, United
States Attorney, with him on the briefs), Muskogee, Oklahoma, for Plaintiff-
Appellee.

---

Before **EBEL**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BRISCOE**,
Circuit Judge.

---

**EBEL**, Circuit Judge.

---

      Elmer Vernon Griffin ("Defendant") was convicted of two counts of

possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). At his

trial, the government called Defendant's probation officer for the purpose of testifying, among other things, that Defendant knew that he was prohibited from possessing firearms under the terms of his probation. The district court admitted the probation officer's testimony over Defendant's objection that the evidence was irrelevant and would cause undue prejudice. Defendant was convicted on both counts and timely filed this appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

## BACKGROUND

On February 8, 2002, Patrolman Randall Smoot responded to a 911 call from Kenneth Griffith, who had accidentally shot himself in the leg with a .22 caliber Colt pistol. Patrolman Smoot asked Griffith where he had gotten the pistol, and Griffith responded that he had purchased it the previous day from Defendant. ATF Agent Carlos Sandoval confirmed Defendant's status as a felon and then arranged to purchase a .22 caliber Tanfoglio pistol from Defendant in an undercover capacity. Agent Sandoval tape-recorded the transaction.

Defendant was charged with two counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). At trial, Defendant's probation officer, Coleman, testified that Defendant had been convicted of a felony and that she supervised his probation; identified Defendant's apartment from photographs; identified the Judgment and Sentence from Defendant's prior felony conviction;

identified the voices of Defendant and Agent Sandoval in the tape-recorded transaction; and testified to the terms and conditions of Defendant's probation, one of which was the prohibition on firearm possession. During this testimony, the government introduced an exhibit which listed all of the terms and conditions of Defendant's probation. Defendant objected to the government's use of Coleman as a witness in general, and specifically objected to her testimony (and the accompanying exhibit) regarding the terms and conditions of Defendant's probation. The district court overruled the objections.

Other evidence presented at trial included Griffith's testimony that Defendant sold him a .22 caliber Colt pistol, testimony by Griffith's acquaintance Jamie Burris that Griffith purchased a gun at the residence identified at trial as Defendant's residence, Agent Sandoval's testimony that he conducted a controlled purchase of a .22 caliber Tanfoglio pistol from Defendant, the tape-recording of the controlled purchase, and ATF Agent Jeffrey Cochran's testimony that the two firearms in question had been transported in interstate commerce.

Defendant was convicted on both counts and now appeals his conviction, contending that he was prejudiced by the district court's admission of Coleman's testimony, especially her testimony (and the accompanying exhibit) regarding the terms and conditions of Defendant's probation. Defendant argues that Coleman's testimony should have been excluded under Rule 402 of the Federal Rules of

Evidence, because the evidence was not relevant, and/or under Rule 403 of the Federal Rules of Evidence, because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.

## DISCUSSION

Although we review legal interpretations of the Federal Rules of Evidence *de novo*, we review a district court's evidentiary decisions for abuse of discretion. United States v. Cherry, 217 F.3d 811, 814 (10th Cir. 2000). Pursuant to the abuse of discretion standard, we will not reverse the district court without a "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id.

Under the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[1] Fed. R. Evid. 403.

---

[1]"Unfair prejudice" is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note.

Testimony by a defendant's probation officer, if the officer's occupation is revealed to the jury, often may increase the potential for unfair prejudice to the defendant by highlighting the defendant's criminal history. See United States v. Robertson, 19 F.3d 1318, 1324 (10th Cir. 1994) (noting that because testimony of probation officer was either irrelevant or more prejudicial than probative under Rule 403, district court erred in admitting testimony, but concluding that the admission of the evidence was harmless error) cf. United States v. Manarite, 44 F.3d 1407, 1418 (9th Cir. 1995) ("[W]e think it obvious that evidence of a defendant's parole status should be considered evidence of other crimes for purposes of Rule 404(b)."). Accordingly, trial courts should exercise caution in their admission of such testimony. See United States v. Pierce, 136 F.3d 770, 776 (11th Cir. 1998).

However, where the government is required to prove as an element of the offense that the defendant has previously committed a felony, as in a § 922(g)(1) prosecution, the potential for prejudice is substantially lessened. In United States v. Hines, the Fourth Circuit explained:

> While in the ordinary course of most criminal trials revelations of the defendant's parole status might provoke a mistrial because it would inform the jury that the defendant had a prior criminal history, the government was *required* to prove that the defendant had a prior criminal history as an element of the offense charged in this case. [The defendant's] status as a parolee was little more than incidental information.

943 F.2d 348, 353 (4th Cir. 1991) (per curiam) (internal citations omitted); see also Pierce, 136 F.3d at 776 (holding that where jury already knew defendant's prior criminal history, district court did not abuse discretion in admitting probation officer's testimony). But see United States v. Calhoun, 544 F.2d 291, 296 (6th Cir. 1976) ("[T]he fact that [the defendant] was on parole itself may have been even more prejudicial than the jury's simple knowledge of his prior conviction of a felony."). We agree with the Fourth Circuit that information that the defendant is currently on probation will generally create little or no prejudicial effect when the jury already knows of the defendant's criminal history.

Accordingly, we decline in this case to hold the probation officer's testimony inadmissible in its entirety. We now consider whether the various subjects of her testimony were properly admitted.

A. Terms and Conditions of Defendant's Probation

The essential elements of a § 922(g)(1) violation are: (1) the defendant was convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce. United States v. Capps, 77 F.3d 350, 352 (10th Cir. 1996). "[T]he only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm." United States v. Mains, 33 F.3d 1222, 1228 (10th Cir. 1994).

Conviction under § 922(g)(1) therefore does not require proof that a defendant knew that he was prohibited from possessing a firearm.

In this case, Tina Coleman testified that Defendant was prohibited from possessing a firearm under the terms and conditions of his probation and suggested that Defendant was aware of this prohibition. During her testimony, the government introduced a document listing all the terms and conditions of Defendant's probation, and the document was admitted into evidence.

The admission of this testimony and the accompanying document was error. Defendant was not on trial for violating the terms and conditions of his probation but for violating § 922(g)(1). Moreover, his knowledge that he was not to possess a firearm as a convicted felon is not an element of a § 922(g)(1) violation. Accordingly, this evidence was irrelevant and therefore inadmissible. See Fed. R. Evid. 402.

Even if a court has admitted inadmissible evidence, however, a conviction will not be disturbed on appeal if that error is harmless. United States v. Cass, 127 F.3d 1218, 1225 (10th Cir. 1997); Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Because Defendant alleges no constitutional error, we apply the harmless-error analysis of Kotteakos v. United States, 328 U.S. 750 (1946), pursuant to which a non-constitutional error is harmless unless it had a

"substantial influence" on the outcome or leaves one in "grave doubt" as to whether it had such effect. United States v. Mejia-Alarcon, 995 F.2d 982, 990 (10th Cir. 1993).

The district court's error in admitting the terms and conditions of Defendant's probation was harmless. The Judgment and Sentence of Defendant's conviction was admitted, without objection, as part of the government's case. As such, the jury had already been informed that Defendant had committed a felony. Introducing the terms and conditions of Defendant's probation did nothing more than suggest to the jury that Defendant was currently serving a term of probation, that Defendant also may have violated the terms and conditions of his probation, and that Defendant was aware that he was not supposed to possess firearms.

This information was not so prejudicial or confusing as to affect the outcome of the case. As discussed above, the additional knowledge of Defendant's current status as a probationer is "little more than incidental information." See Hines, 943 F.2d at 353. We do not find persuasive Defendant's argument that introduction of the terms and conditions of his probation confused the jury as to whether Defendant was on trial for violating the terms of his probation or for violating § 922(g)(1). The district court clearly instructed the jury on the essential elements of a § 922(g)(1) violation. We

assume the jury followed those instructions.  See United States v. Chanthadara, 230 F.3d 1237, 1251 (10th Cir. 2000).

The evidence against Defendant in this case was strong.  There was no question that Defendant had previously been convicted of a felony.  As to Count I, Griffith testified that Defendant sold him a .22 caliber Colt pistol, and Burris testified that Griffith purchased a pistol at a residence identified at trial as Defendant's residence.  As to Count II, Agent Sandoval testified that Defendant sold him a .22 caliber Tanfoglio pistol in the context of a controlled purchase, as corroborated by the tape-recording of that transaction.  Finally, ATF Agent Cochran testified to the interstate nexus requirement.  In light of this evidence, we have no doubt, much less "grave doubt," that the jury's verdict would have been the same had the terms and conditions of Defendant's probation been excluded.

In sum, we do not believe that the erroneously admitted evidence had a "substantial influence" on the jury's decision.  Accordingly, we hold that the district court's error was harmless.


B.  Other Testimony

Coleman also testified to several other matters.  For example, she identified Defendant's residence from a photograph and identified the voices of Agent

Sandoval and Defendant in the tape-recording of the controlled purchase. Unlike Coleman's testimony regarding the terms and conditions of Defendant's probation, we find her other testimony relevant to the matters at issue in this case. Coleman's identification of Defendant's residence established Defendant's control over the place where Griffith and Burris testified that Griffith purchased the Colt pistol, and her voice identification testimony helped bolster other evidence that Defendant sold a Tanfoglio pistol to Agent Sandoval.

Moreover, we conclude that the district court properly determined that the probative value of this evidence was not substantially outweighed by any danger of unfair prejudice created by the jury's knowledge that Defendant was on probation. As discussed above, where Defendant's prior felony conviction is an element of the offense, as in a § 922(g)(1) action, the additional information that Defendant is currently on probation has only minimal prejudicial effect. Accordingly, we conclude that the district court properly determined that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice and was therefore admissible under Rule 403.

## CONCLUSION

The judgment of the district court is AFFIRMED.