**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

STANLEY POWELL,

     Defendant-Appellant.

No. 04-1391

(D.C. No. 04-CR-51-RB)
(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel agrees with counsel that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Stanley Powell appeals his conviction for mailing threatening communications to his former attorney in violation of 18 U.S.C. § 876(c). Powell

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argues the district court abused its discretion when, during his cross-examination by the government, it admitted evidence of his remote-in-time convictions on the grounds that the evidence was more probative than prejudicial. The government argues, in response, that the district court acted in accordance with Fed. R. Evid. 609 and, therefore, did not abuse its discretion in admitting this evidence. The government further asserts that even if the district court erred, the error was harmless. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Assuming, *arguendo*, that the district court erred in admitting evidence of these remote-in-time convictions, we conclude the error was harmless. Federal Rule of Criminal Procedure 52(a) provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Thus, "[e]ven if a court has admitted inadmissible evidence, . . . a conviction will not be disturbed on appeal if that error is harmless." U.S. v. Griffin, 389 F. 3d 1100, 1104 (10th Cir. 2004). A "non-constitutional error," such as that alleged by Powell, "is harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." Id.

Powell insists that the error was not harmless and contends that "[t]he erroneous admission of these convictions prejudiced the defense of this case by demonstrating to the jury Mr. Powell was a life long criminal." Aplt. Br. at 5. Although Powell's arguments fail for several reasons, we need discuss only two.

2

First, Powell's own testimony on direct examination established that he had an extensive criminal history. The following exchange occurred during Powell's questioning by his counsel:

> Q  Mr. Powell, you are currently in prison, correct?
> A  Yes, I am.
> Q  Having been convicted in District of Colorado case No. 96-CR-321?
> A  Yes, I have.
> Q  Right? And you are currently serving a 188-month sentence?
> A  Yes, I am.
> Q  And, sir, that isn't the only conviction for a crime that you have suffered in your life, is it?
> A  No, it's not.
> Q  You have quite a few?
> A  I do. ROA Vol. VI at 240.

ROA, Vol. VI, at 240.

Second, "[a]ny error in admitting the challenged evidence was harmless because the evidence of [the defendant's] guilt was overwhelming." United States v. Williams, 376 F.3d 1048, 1055 (10th Cir. 2004). Under 18 U.S.C. § 876(c), "[w]hoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing . . . any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned . . . or both." To establish that Powell violated 18 U.S.C. § 876(c), the government presented signed letters sent by Powell to his former attorney, who Powell believed mishandled a case in which he was convicted of a drug crime. In

3

one letter, Powell wrote the following threatening message:

> [T]his is not going to be a friendly letter, just take it as a warning. . . . One day I am going to make an example out of your a** and the only way this does not happen is you die before I get out. . . . And one day you can rest assured of it you will pay for selling me out. You are going to wish a million times that you had not taken my cases . . . . You should not have f**cked with me or my money. You were hired to protect my rights not sell me out motherf**ker that $ 17,500 dollars that you took from me motherf**cker because you did not earn it, will someday be the death of you. . . . [L]ive each day like its going to be your last because one day it will.
>
> The Grim Reeper,<br>Stan Powell

Aplee. Supp. Br., Exh. 1. In a second letter to his former attorney, Powell similarly wrote:

> I am going to completely destroy you. My day is coming and so is yours. * * * I want your punk a** for what you did to me you did not earn money in my case what you earned is certain death. And rest assured its coming your way enjoy every dime that you played me out of because its going to be the death of you.
>
> From A Person<br>Who Hates the<br>Very Air That You<br>Breath,<br>S.P.

Id., Exh. 2.

In addition to these threatening letters, the government presented the envelopes they were sent in, which listed Powell as the sender and included his correctional institution address, as well as a note from the correctional institution to the recipient indicating that the envelopes were mailed from a correctional

4

facility.  Id. at Exhibits 1, 2.  Powell's signed confession was also admitted into evidence.  In this confession, Powell admitted to sending his former attorney threatening letters, and he noted that in at least one of the letters, he told his former attorney that he "was going to cut his head off to his shoulder."  Id. at Exhibit 5.  Powell also wrote in his confession that "[a]t the time I wrote the letters.  I was angry and frustrated I knew it was a crime to threaten [my former attorney] but at the time I didn't care."  Id.  In addition to confessing before trial, Powell also admitted during his trial testimony that he mailed three or four threatening letters to his former attorney, though he claimed to be "mentally incapacitated" at the time.  ROA Vol. VI at 240-47.

In sum, the evidence of Powell's violation of 18 U.S.C. § 876(c) can only be described as overwhelming.  Accordingly, even if the district court erred in admitting evidence of Powell's prior remote-in-time convictions, the error was harmless.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5