**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

CARL DEAN SMITH,

 Defendant-Appellant.

No. 06-3398
(D.C. No. 05-CR-20104-KHV)
(Dist. of Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant, Carl Dean Smith, was indicted for robbing the First National Bank of Louisburg (First National) in Stilwell, Kansas, in violation of 18 U.S.C. § 2113(a) and (d). Mr. Smith proceeded to trial, testified in his own behalf, and was found guilty by a jury. The district court sentenced him to a term of imprisonment of 78 months, followed by five years of supervised release. Mr. Smith appeals from his conviction and sentence, challenging the admission at trial

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* FED. R. APP. P. 34(a); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of certain evidence regarding his visit on the day of the robbery to nearby bank and the district court's enhancement of his sentence for obstruction of justice. We **AFFIRM.**

## I.  BACKGROUND

A masked gunman robbed First National in Stilwell, Kansas and escaped without being identified.  Mr. Smith testified that he had been at a nursery in Stilwell on the day of the robbery, and as he was leaving, was almost hit by a car. He testified that as the car passed him, something came out of it, but the car kept moving.  Mr. Smith said that he continued down the street and found a sack of money, which he subsequently used to pay his bills.

According to his testimony, Mr. Smith did not know the money was from a bank robbery, but only later heard about the robbery through a news report and concluded that the money he found might be from the robbery.  Initially, Mr. Smith told the FBI that the money used to pay his bills was from other sources.

## II.  DISCUSSION

Mr. Smith challenges his conviction on the ground that evidence about his visit to a nearby bank was improperly admitted.  He challenges his sentence on the basis that an obstruction of justice enhancement was improperly applied for perjury.  We reject both claims.

## A. Admissibility of Evidence

Mr. Smith's counsel submits the admissibility-of-evidence issue pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Anders* instructs that, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744.

Because he did not consider the obstruction-of-justice issue to be frivolous, Mr. Smith's counsel did not seek to completely withdraw from the representation. Rather, he took an alternative, but seemingly appropriate, path in flagging the admissibility-of-evidence issue as subject to *Anders*. *See generally United States v. Medley*, 476 F.3d 835, 837 (10th Cir.) (noting defense counsel's invocation of *Anders* as to most, but not all, appellate issues), *cert. denied*, 128 S. Ct. 83 (2007). Mr. Smith was afforded an opportunity to put additional arguments or issues before this Court and he elected to do so, filing a supplemental brief that focused on the admissibility-of-evidence issue.[1]

---

[1]     Almost seven months after Mr. Smith filed his supplemental brief and eight months after the filing of his opening brief, Mr. Smith submitted a motion asking this Court to "withdraw" (i.e., remove) his counsel "due to a breakdown of the Attorney Client Relations." Motion for Appellant Counsel to Withdraw at 1. Mr. Smith urged us to hold the appeal in abeyance until new counsel could be appointed to "review the merits of the appeal and make the necessary changes." *Id.* at 2. However, Mr. Smith did not voice these concerns about his lawyer until long after this appeal was ripe for decision. Mr. Smith's

(continued...)

Prior to trial, Mr. Smith filed a motion objecting to the admission of evidence regarding his visit to a nearby bank – prior to, but on the same day as, the charged robbery. Mr. Smith argued that the evidence was not relevant and was unduly prejudicial in violation of Rule 403 of the Federal Rules of Evidence. The district court denied the motion before trial. Employing the lexicon of Rule 404(b) of the Federal Rules of Evidence, the district court noted that the evidence was relevant to show motive, intent and preparation for the charged offense. *See* Fed. R. Evid. 404(b) (authorizing the admission of other-acts evidence as proof, *inter alia*, of "motive, opportunity, intent, preparation").

In his supplemental brief Mr. Smith claims that the district court abused its discretion in admitting evidence relating to his visit to a "nearby bank that was not robbed." Aplt. Supp. Br. at 1. Particularly problematic in Mr. Smith's view

---

[1](...continued)
counsel indicated that he diligently examined the law and facts and presented available non-frivolous issues for our resolution. Furthermore, insofar as Mr. Smith believed that his counsel failed to identify the full universe of appealable issues, Mr. Smith had an opportunity to rectify the purported failing. And Mr. Smith in fact availed himself of the opportunity. We have no reason therefore to doubt the appropriateness of moving forward at this time to decide this case. Mr. Smith's motion is denied. Furthermore, this logic guides our disposition of Mr. Smith's subsequently-filed Motion for Appointment of Counsel. Mr. Smith filed this motion twenty-one days after his earlier motion (i.e., his motion asking us to "withdraw" his counsel). Significantly, Mr. Smith does not explain how a newly-appointed counsel would advance his cause. For example, he does not indicate what new issues (if any) his newly-appointed counsel would present for our consideration. Mr. Smith's Motion for Appointment of Counsel is denied.

was the district court's admission of evidence pertaining to fingerprints which matched Mr. Smith that were lifted from the other bank.

Mr. Smith argues that the other-bank evidence, especially the fingerprint evidence, had the effect of confusing the jury. Specifically, regarding the fingerprint evidence, Mr. Smith contends that it "served to confuse the jury and cause the jury to believe the Appellant's fingerprints came from the bank that was robbed." *Id.* at 2.

A district court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *United States v. Zepeda-Lopez*, 478 F.3d 1213, 1219 (10th Cir. 2007). The ruling will not be reversed "without a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* at 1219 (quoting *United States v. Griffin*, 389 F.3d 1100, 1103 (10th Cir. 2004)).

Rule 403 of the Federal Rules of Evidence states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

We conclude that the district court did not abuse its discretion in admitting the evidence pertaining to Mr. Smith's visit to the other bank. The district court reasonably concluded that the evidence was relevant on the issues of motive,

intent, and preparation for the robbery. *Cf. United States v. Moss*, 544 F.2d 954, 962 (8th Cir. 1976) (concluding under Fed. R. Evid. 404(b) that evidence of defendant's prior trips to two different states with the aim of committing bank robberies was, *inter alia*, "admissible to show preparation, plan, intent").

Specifically, a reasonable jury could infer that Mr. Smith visited the other bank as part of his preparation to rob *a* bank (i.e., he was "casing" it) and he settled on First National as the most desirable target. In this regard, the government introduced evidence that there were only two banks in Stilwell, Kansas and someone matching Mr. Smith's description had been observed at First National the previous day. Mr. Smith's own testimony tended to strongly confirm his presence at First National the previous day. The evidence thus supported a reasonable inference that, with an eye toward ultimately committing a robbery (i.e., with the intent to do so), Mr. Smith visited the two banks in Stilwell – First National, the day before the robbery, and the other bank, on the day of the robbery, but before it occurred – and then selected First National to rob and robbed it.

Furthermore, the district court did not err in finding that the probative force of this evidence was not substantially outweighed by the danger of juror confusion. Throughout the trial, the government was careful to distinguish between the two banks. For example, in questioning a law enforcement agent, the

prosecutor clarified that although the robbery occurred at First National, the fingerprints were taken from the other bank visited by Mr. Smith.

The district court specifically instructed the jury that "[i]n determining whether defendant is guilty or innocent, you are to consider only whether he has committed the acts charged in the indictment" – that is, the armed robbery of First National – and further noted that Mr. Smith "is not on trial for any act or conduct not specifically charged in the indictment." R., Vol. I, Doc. 51, Instruction No. 8. Mr. Smith had the opportunity during a jury instruction conference at trial to request more detailed or specific limiting or cautionary instructions to counteract the alleged prejudice from the other-bank evidence. But Mr. Smith failed to do so.

Accordingly, we hold that the district court did not abuse its discretion in admitting the evidence relating to Mr. Smith's visit to a nearby bank on the day of the charged robbery.

## B. Obstruction of Justice Enhancement for Perjury

"In considering the application of the sentencing guidelines, we review the district court's factual findings for clear error, and its legal determinations *de novo*." *United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005). "We give due deference to the district court's application of the guidelines to the facts." *Id.* (internal quotation marks omitted).

The district court imposed an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1 for committing perjury at trial. It justified this enhancement by saying:

> This is as clear a case of perjury as I've ever seen in court and, frankly, I thought that the story about the real robbers throwing the money out of a car was preposterous. And when you put that together with the undisputed and I guess unobjected to parts of the Pretrial Order which say that the defendant is sort of a pathological liar, it makes this a pretty easy call for me.
>
> So I think that the obstruction of justice calculations are appropriately made for exactly the reasons stated in paragraph 30 of the presentence investigation report.

R., Vol. III, Doc. 65, Tr. at 9 (Sentencing Hearing, dated Nov. 6, 2006).

On appeal, Mr. Smith does not claim that there was a lack of evidence showing he committed perjury or that the district court made any procedural errors in applying the enhancement. Rather, Mr. Smith maintains that it was improper for the district court to enhance his sentence for obstruction of justice because *the jury* did not find that he committed perjury at trial.

More specifically, Mr. Smith argues that imposing such an enhancement based upon judge-found facts violates *United States v. Booker,* 543 U.S. 220 (2005), as evidenced by the Supreme Court's decision in *Cunningham v. California*, 127 S. Ct. 856 (2007).

In *Booker*, the Supreme Court applied *Blakely v. Washington,* 542 U.S. 296 (2004) to the Sentencing Guidelines and held the Sixth Amendment required that

"[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244.

The Supreme Court's holding in *Booker*, however, does not prevent a district court from making the same factual findings and applying the same enhancements to a defendant's sentence that it could before *Booker*, as long as it does not apply the Guidelines in a mandatory fashion. *See United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005). In *Cunningham*, the Court held that California's determinate sentencing law – a statute that had a multi-tier structure for sentencing and authorized a judge to find facts to increase the sentence from a "middle term" to an "upper term" – violated the Sixth Amendment's jury trial guarantee. *Cunningham*, 127 S. Ct. at 861-62. Nothing in *Cunningham* barred the district court here, however, from engaging in judicial fact-finding under an advisory Guidelines system and imposing a sentence upon Mr. Smith within the relevant statutory maximum authorized by his conviction. *United States v. Holtz*, 226 F. App'x 854, 858 n.3 (10th Cir. 2007) (unpublished).

"After *Booker*, a constitutional violation lies only where a district court uses judge-found facts to enhance a defendant's sentence *mandatorily* under the Guidelines, and not where a court merely applies such facts in a discretionary manner." *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007) (internal

quotation marks and alterations omitted). "Because the post-*Booker* Guidelines are discretionary, a district court may continue to find facts . . . by a preponderance of the evidence." *Id.* "[W]hen a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard." *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005). Accordingly, the district court did not err under *Booker* in enhancing Mr. Smith's sentence for obstruction of justice based upon its findings of perjury.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** Mr. Smith's conviction and sentence.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge