**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD DALE MORGAN,

Defendant-Appellant.

No. 07-5175

(D.C. No. 07-CR-00088-001-CVE)

N.D. Okla.

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Richard Dale Morgan was convicted after a jury trial of being a felon in possession of a firearm and ammunition. He was sentenced to 84 months imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, stating

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

there are no meritorious issues for appeal.[1]  386 U.S. 738, 744 (1967).   He also

requests permission to withdraw.  Despite being given two opportunities to

respond to counsel's Anders brief, Morgan has not filed a response.  The

government filed an answer brief raising two possible issues: (1) whether the

district court erred in denying Morgan's motion to suppress evidence and (2)

whether the district court abused its discretion by admitting other act evidence

under Rule 404(b) of the Federal Rules of Evidence.  The government concludes,

however, neither issue is meritorious.

In addition to the issues raised by the government, we considered two more

potential issues:  (1) whether the government's evidence at trial was sufficient to

support Morgan's conviction and (2) whether Morgan's sentence was reasonable.

We agree with the government the potential issues it raised and discussed are

without merit.  The additional issues we independently considered are, likewise,

meritless.

**Motion to Suppress**

---

[1]*Anders* holds "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744.  Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.*  The client may then "raise any points that he chooses." *Id.*  Thereafter, the court must completely examine all the proceedings to determine the frivolity of the appeal. *Id.*  "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

"In reviewing the denial of a motion to suppress, we accept the factual findings of the district court unless they are clearly erroneous." *United States v. West*, 219 F.3d 1171, 1176 (10th Cir. 2000). We consider the evidence in the light most favorable to the district court's determination. *Id.* "However, we review de novo the ultimate determination of the reasonableness of the search under the Fourth Amendment." *United States v. Bustillos-Munoz*, 235 F.3d 505, 511 (10th Cir. 2000). The applicability of the good-faith exception to the exclusionary rule is also reviewed de novo. *United States v. Nolan*, 199 F.3d 1180, 1184 (10th Cir. 1999).

The district court properly denied Morgan's motion to suppress evidence. The affidavit in support of the warrant established a sufficient nexus between the residence to be searched and illegal activity, namely: a known and past reliable confidential informant had observed a quantity of cocaine for sale and additional quantities of cocaine packaged for sale at the residence and the affiant officer observed short-term vehicular/pedestrian traffic coming and going from the residence, which is a common observation at houses where drugs are being sold. *See United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990) ("Probable cause . . . requires a nexus between suspected criminal activity and the place to be searched."); *see also United States v. Corral*, 970 F.2d 719, 727 (10th Cir. 1992) (finding probable cause to search residence where affidavit stated reliable confidential informant had received information that cocaine was being

stored and distributed at residence and police surveillance revealed an unusually high volume of visitors briefing entering and leaving residence which is consistent with drug-trafficking).  Even assuming, *arguendo*, the affidavit failed to establish probable cause, the district court correctly concluded the *Leon* good faith exception to the exclusionary rule applied because the officer's reliance on the warrant was objectively reasonable.  *See United States v. Leon*, 468 U.S. 897, 922-23 (1984).  The court did not err in denying Morgan's motion to suppress without an evidentiary hearing because Morgan had not claimed any of the information in the affidavit was deliberately false or made in reckless disregard for the truth.  *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding Fourth Amendment only requires a hearing "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause").

## Rule 404(b) Evidence

Where a timely objection is made, we review for an abuse of discretion the district court's admission of evidence under Rule 404(b) of the Federal Rules of Evidence.  *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997).  The district court did not abuse its discretion in admitting, over Morgan's objection, evidence of a set of digital scales containing white residue (which field-tested

positive for cocaine) found in the residence where the firearm was discovered. The court correctly concluded each of the four requirements for admissibility under Rule 404(b) were satisfied: (1) the evidence was offered for a proper purpose, *i.e.*, to show Morgan's motive and intent to possess the firearm given the close and well-known connection between firearms and drugs; (2) the evidence was relevant under Rule 401 of the Federal Rules of Evidence because Morgan admitted the scales belonged to him, they were found in the residence where the firearm was discovered and therefore the evidence was probative of Morgan's knowledge of the concealment of the firearm within the residence; (3) the probative value of the evidence was not substantially outweighed by the potential for unfair prejudice under Rule 403 of the Federal Rules of Evidence; and (4) an appropriate limiting instruction on was given. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

## Sufficiency of the Evidence

"We review de novo whether the prosecution presented sufficient evidence to support a conviction." *United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002). "In conducting this review . . . we ask whether, taking the evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* (quotations omitted). The government presented sufficient evidence establishing Morgan's guilt beyond

a reasonable doubt. "The essential elements of a § 922(g)(1) violation are: (1) the defendant was a convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." *United States v. Griffin*, 389 F.3d 1100, 1104 (10th Cir. 2004). The parties stipulated to the first and third elements. As to the second, the government presented evidence that when officers discovered the firearm, Morgan admitted he had it for protection and would take it to prison if he could. The evidence also showed the utilities to the residence where the firearm was found were in Morgan's name, there were business cards in Morgan's name and men's clothing in the bedroom where the firearm was found, and paperwork mailed to Morgan at the residence was discovered in the residence. While Morgan attempted to show he did not live at the residence and the firearm belonged to his wife, the jury was free to disregard this evidence especially in light of the government's rebuttal evidence which suggested his wife was lying and demonstrated that upon his arrest Morgan stated he lived at the residence with his wife.

### Reasonable Sentence

We review sentences for procedural and substantive reasonableness, giving deference to the district court under the abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Morgan's sentence is both procedurally and substantively reasonable. The district court correctly calculated

the advisory guideline range as 77 to 96 months. The court considered the 18 U.S.C. § 3553(a) factors, including Morgan's extensive criminal history, which included eight felony convictions in addition to three separate periods of incarceration in the Oklahoma Department of Corrections, and his history of drug abuse. The court concluded a sentence within the advisory guideline range would protect the public and serve as a deterrent to Morgan and others. It determined a sentence just below the middle of the guideline range was appropriate based on Morgan's age and health problems. It sentenced Morgan to 84 months imprisonment. When, as here, the district court's individualized determination overlaps with the guideline recommendation, we presume the sentence is reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). The record discloses no facts rebutting that presumption. *Kristl*, 437 F.3d at 1055. The district court's sentence was within "the bounds of permissible choice, given the facts and the applicable law" and therefore a proper exercise of its discretion. *United States v. McComb*, 518 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted)

After thoroughly reviewing the record, we see no meritorious appellate issues, **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge