FILED
United States Court of Appeals
Tenth Circuit

June 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHN MICHAEL LERMA,

     Defendant-Appellant.

No. 10-2018
(D.C. No. 1:09-CR-00871-JCH-1)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **SEYMOUR**, and **EBEL**, Circuit Judges.

---

     Mr. Lerma appeals his conviction for possessing a firearm and ammunition as a former felon. The underlying indictment charged Mr. Lerma with being a convicted felon who possessed a .357 magnum revolver and five rounds of ammunition on February 24, 2009 in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The jury found him guilty and the district court sentenced him to 92 months' imprisonment. On appeal, Mr. Lerma argues the evidence at trial was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with the terms and conditions of Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

insufficient to support his conviction.  We affirm.

At trial, Albuquerque Police Officer Jarrod Pelot testified that at approximately 1:00 a.m. on February 24, 2009, he attempted to stop a vehicle because he thought the driver might be drunk.  Mr. Lerma was the driver.  Rather than pull over, Mr. Lerma made several turns and then came to a stop on a dead end street.  Mr. Lerma and the vehicle's passenger exited the vehicle.  The passenger fled over a nearby cinderblock wall.  Mr. Lerma refused Officer Pelot's order to lie down and to show his hands.  Instead, he placed his hands on the front of his pants, then he ran toward the nearby wall.  Officer Pelot saw two objects in Mr. Lerma's hands.  According to Officer Pelot's testimony, Mr. Lerma threw both of the objects over the wall and then attempted to climb it, at which point the officer grabbed Mr. Lerma, pulled him down, and took him into custody.

Once backup arrived, Officer Pelot shined his flashlight over the wall.  He saw a set of keys and a gun "directly in front of where Mr. Lerma attempted to go over the wall."  Rec., vol. III at 62.  The gun was a .357 magnum revolver, loaded with five rounds of ammunition.  The keys were to the vehicle Mr. Lerma was driving.  When asked, Mr. Lerma said the passenger was James Padilla.

Mr. Marcos Lopez testified for the defense that he had purchased the gun and then sold it to Mr. Chris Perea.  The sale took place at the home of Mr. Lopez's cousin, whose sister is Mr. Lerma's girlfriend.  Mr. Perea testified that Mr. Lerma, who was there at the time of the sale, was driving him home when the

police stopped them. Mr. Perea testified he "just freaked out and jumped out and ran." Rec., vol. III at 187. Mr. Perea testified he had the gun in the waistband of his jeans, and, when he jumped over the wall, the gun fell out.

Mr. Lerma contends the government's evidence was insufficient to sustain his conviction. We review sufficiency-of-the-evidence claims de novo, viewing the evidence in the light most favorable to the government. *United States v. Dunmire*, 403 F.3d 722, 724 (10th Cir. 2005). We do not reweigh the evidence or second guess the factfinder's credibility determinations. *United States v. Johnson*, 57 F.3d 968, 971 (10th Cir. 1995). Rather, we inquire into "whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." *United States v. Smith*, 133 F.3d 737, 741-42 (10th Cir. 1997).

The "felon-in-possession" statute prohibits any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing "in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). To obtain a conviction under the statute, the government must prove beyond a reasonable doubt that: "(1) the defendant was convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm [or ammunition]; and (3) the possession was in or affecting interstate commerce." *United States v. Griffin*, 389 F.3d 1100, 1104 (10th Cir. 2004) (citing *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996)). Mr. Lerma argues the

government failed to establish the second element, that is, he knowingly possessed the .357 revolver and attendant ammunition.[1]  In particular, Mr. Lerma asserts "it is undisputed there is no evidence [he] ever actually or constructively possessed the . . . revolver."  Aplt. Br. at 13.

Viewing the evidence in the light most favorable to the government, we readily conclude the evidence was sufficient to prove beyond a reasonable doubt Mr. Lerma knowingly possessed the loaded revolver.  At trial, Officer Pelot testified that Mr. Lerma refused to keep his hands visible, that he had two objects in his hands, and that he threw those objects over the wall before attempting to climb it.  Officer Pelot found two objects – keys to the vehicle Mr. Lerma was driving and the loaded revolver – over the wall in front of where Mr. Lerma attempted to climb it.  This evidence was sufficient to permit the jury to conclude that Mr. Lerma actually possessed the objects he threw over the wall and that those objects were the keys and loaded revolver Officer Pelot found on the other side.

In resisting this conclusion, Mr. Lerma cites Mr. Perea's testimony as "direct, credible evidence" that he, Mr. Lerma, never possessed the revolver, and that Mr. Perea "had placed it in his waistband, only to have it fall out of the leg of his pants when he jumped over the cinder block wall while running from Officer

---

[1] Mr. Lerma does not dispute that the government established the first and third elements, both of which he stipulated to at trial.

-4-

Pelot." Aplt. Br. at 14. We are not persuaded this requires reversal of Mr. Lerma's conviction. To be sure, it would have been physically impossible for Mr. Lerma and Mr. Perea both to have possessed the revolver during their respective attempts to scale the wall. Thus, had the jury credited Mr. Perea's testimony over Officer Pelot's, it would have been required to return a verdict of not guilty. The fact that the jury returned a verdict of guilt simply indicates it believed Officer Pelot's testimony over Mr. Perea's, a credibility determination we will not second guess on appeal. *See Johnson*, 57 F.3d at 971.

Accordingly, we **AFFIRM** Mr. Lerma's conviction.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge