FILED
United States Court of Appeals
Tenth Circuit

December 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN MICHAEL LERMA,

Defendant - Appellant.

No. 13-2100
(D.C. Nos. 1:12-CV-00685-JCH-LAM
& 1:09-CR-00871-JCH-1)
(D. New Mexico)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After a federal jury found John Lerma guilty of being a felon in possession

of a firearm and ammunition, he was sentenced to a term of ninety-two months'

imprisonment. Lerma's conviction was affirmed by this court. *United States v.*

*Lerma*, 427 F. App'x 673, 675 (10th Cir. 2011). Lerma then filed a motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising two

ineffective-assistance-of-counsel claims. He asserted both trial and appellate

counsel were ineffective for failing to challenge the sufficiency of the evidence

presented by the prosecution. Lerma also argued counsel was ineffective for

failing to obtain allegedly exculpatory dash-camera and fingerprint evidence.

A magistrate judge recommended denying both claims. As to the first claim, the magistrate judge noted Lerma could not meet his burden of showing deficient performance on the part of either trial or appellate counsel because both attorneys, in fact, raised challenges to the prosecution's evidence. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one"); *see also Lerma*, 427 F. App'x at 675 (confirming appellate counsel raised a sufficiency claim on direct appeal). As to the second claim, the magistrate judge concluded Lerma failed to show he was prejudiced by counsels' actions because he did not demonstrate the outcome of his trial would have been any different if the omitted evidence, even assuming it exists, had been introduced at trial. *See Strickland*, 466 U.S. at 688-89.

The district court permitted Lerma to file untimely objections to the magistrate judge's report and recommendation. After considering those objections, the court adopted the magistrate judge's recommendation and denied Lerma's § 2255 motion. The court also denied Lerma's request to amend his § 2255 motion to add a claim the government suppressed exculpatory evidence in violation of his due process rights. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Lerma seeks to appeal the denial of his § 2255 motion and also argues the court abused its discretion by refusing to permit him to amend his § 2255 motion.

-2-

He cannot, however, proceed on appeal unless he first obtains a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal a "final order in a proceeding under section 2255" unless he first obtains a COA). To be entitled to a COA, Lerma must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Lerma has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id*. at 338. Although Lerma need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Lerma's appellate brief, the magistrate judge's recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El.* That review demonstrates Lerma is not entitled to a COA on the two ineffective assistance claims raised in his § 2255 motion. No jurist of reason could debate whether the district court erred in concluding those claims were meritless. Nor is

Lerma entitled to a COA on his claim the district court abused its discretion by refusing to permit him to amend his § 2255 motion. Lerma sought to add both a *Brady* claim and a claim his trial counsel was ineffective for failing to seek a plea agreement that would entitle him to a reduced sentence. Lerma is not entitled to a COA on the issue because he has not made "a substantial showing of the denial of a constitutional right" with respect to these two new claims. 28 U.S.C. § 2253(c)(2). The *Brady* claim involves the same dash-camera and fingerprint evidence referenced in Lerma's second ineffective assistance claim. As the district court concluded, Lerma has wholly failed to show how the outcome of his trial would be different if this evidence (assuming it exists) had been admitted. *See United States v. Smith*, 534 F.3d 1211, 1223 (10th Cir. 2008) (holding evidence is material for *Brady* purposes if it creates a reasonable probability that, had it been disclosed, the result of the proceeding would have been different). As to the plea agreement claim, Lerma has not shown, or even alleged, the prosecution would have accepted a guilty plea.

The district court's resolution of Lerma's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Lerma's request for a COA and **dismisses** this appeal. Lerma's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge