**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANK RAY BERRIS,

    Defendant - Appellant.

No. 24-8065
(D.C. No. 1:24-CR-00034-KHR-1)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Frank Ray Berris appeals his conviction for unlawful firearm possession.

18 U.S.C. § 922(g)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

On February 3, 2024, a Wyoming trooper stopped Mr. Berris while driving on

U.S. Highway 20/26. The trooper saw two firearms inside Mr. Berris's vehicle—a

pistol (later determined to be a 9mm Smith & Wesson) and an "AR style rifle" (later

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determined to be a Ruger SR-556). R. vol. 1 at 20. Mr. Berris did not have a valid driver's license, and his vehicle was unregistered and uninsured. When asked to step out of the vehicle, Mr. Berris refused, saying "you're going to have to kill me." Suppl. R. vol. 1 at 179. Mr. Berris refused to exit the vehicle for about three hours, leading officers to shut down the highway. Officers later found a third firearm in Mr. Berris's vehicle (a .45-caliber Colt pistol). All three guns were loaded.

The government charged Mr. Berris with unlawfully possessing a firearm and ammunition after a felony conviction. 18 U.S.C. § 922(g)(1). The indictment was based on Mr. Berris's prior convictions for offenses punishable by over a year in prison—including three previous convictions for unlawfully possessing firearms—and the firearms and ammunition found in his vehicle.

Mr. Berris moved to represent himself. The district court granted his request after conducting the hearing and advisement required by *Faretta v. California*, 422 U.S. 806 (1975). The parties filed pre-trial motions, and the district court held a motions hearing. Among other rulings, the court precluded Mr. Berris from presenting testimony or argument to the jury that he is a sovereign citizen[1] or not subject to the court's jurisdiction or federal laws. It also precluded as irrelevant any evidence related to Mr. Berris's defense and acquittal as to state charges filed against

---

[1] Mr. Berris says he is a "state national" or a "U.S. national," and does not describe himself as a "sovereign citizen." Suppl. R. vol. 1 at 38, 329, 402. This does not affect our analysis.

2

him following a similar incident in November 2022, when law enforcement officers observed him with a firearm during a traffic stop.

After a two-day trial, a jury convicted Mr. Berris as charged in the indictment. He faced a statutory maximum sentence of 15 years' imprisonment, and his advisory Guidelines' sentencing range was 78–97 months. The district court imposed a within-Guidelines sentence of 90 months in prison, followed by three years of supervised release.

## II. Discussion

Mr. Berris proceeds pro se on appeal, so "we construe his appellate 'pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.'" *United States v. Hald*, 8 F.4th 932, 949 n.10 (10th Cir. 2021) (quoting *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007)). To that end, "we make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets omitted) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But we do not act as Mr. Berris's advocate and "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

In the normal course, "it is the appellant's 'first task to explain to us why the district court's decision was wrong.'" *Meek v. Martin*, 74 F.4th 1223, 1276 (10th Cir. 2023) (ellipsis omitted) (quoting *Nixon v. City and Cnty. of Denver*, 784 F.3d 1364,

3

1366 (10th Cir. 2015)). "In doing so, the appellant 'must' support his 'argument' with 'citations to the authorities and parts of the record on which [he] relies.'" *Id.* at 1276 (quoting Fed. R. App. P. 28(a)(8)(A)).

Mr. Berris claims the issues raised on appeal are "[t]oo many to list," and asks us to review "all [his] motions" filed in the district court. Aplt. Opening Br. at 3. But Mr. Berris cannot proceed on appeal only by referring to documents filed in district court. *See United States v. Patterson*, 713 F.3d 1237, 1250 (10th Cir. 2013) ("[P]arties appearing before this court cannot satisfy [Federal Rule of Appellate Procedure] 28 by incorporating their claims by reference to . . . records from the court below."). Relatedly, "where a defendant raises an issue before the district court but does not pursue it on appeal, we ordinarily consider the issue waived." *United States v. Yelloweagle*, 643 F.3d 1275, 1280 (10th Cir. 2011). Because "[w]e cannot make arguments for him," any issues Mr. Berris may have raised at the district court but not on appeal are waived. *Id.* at 1284.[2]

The government first suggests Mr. Berris has not adequately developed *any* argument on appeal, but it then construes his brief as raising three potential errors, including: (1) the district court erroneously precluded Mr. Berris from presenting argument or evidence to collaterally attack his prior convictions, and from advancing a "sovereign citizen defense," Aplee. Resp. Br. at 18; (2) the evidence was

---

[2] In particular, in the district court, Mr. Berris argued § 922(g)(1) is unconstitutional. He has not reprised that argument on appeal, so it is waived.

insufficient to convict him under § 922(g)(1) because the government failed to prove

Mr. Berris knew his prior felony convictions made it illegal for him to possess a

firearm; and, (3) there can be no crime without an injured party or "that the law as it

exists does not apply to him," *id.* at 21. Mr. Berris did not file a reply brief to rebut

this characterization of his arguments. Liberally reading his brief, we conclude it

raises substantially the same issues identified by the government. None presents a

reason to reverse.

### A. Evidentiary and Trial Rulings

Mr. Berris argues the district court improperly prevented him from introducing

evidence to support his defense. "We review challenges to district court evidentiary

rulings for abuse of discretion." *United States v. Joseph*, 108 F.4th 1273, 1281

(10th Cir. 2024). "Under this standard, 'we will not reverse the district court without

a definite and firm conviction that the lower court made a clear error of judgment or

exceeded the bounds of permissible choice in the circumstances.'" *Id.* (quoting

*United States v. Griffin*, 389 F.3d 1100, 1103 (10th Cir. 2004)). To the extent

Mr. Berris claims the exclusion of evidence violated his constitutional rights, our

review is de novo. *United States v. Markey*, 393 F.3d 1132, 1135 (10th Cir. 2004).

Mr. Berris identifies two evidentiary issues on appeal, but he develops no

persuasive argument for reversal. First, he asserts the district court wrongly excluded

evidence from the state criminal prosecution that followed the November 2022

vehicle stop. The district court ruled that any evidence related to his defense or

acquittal in state court was irrelevant to the issues in this federal case—"whether

[Mr. Berris] is excluded from possessing a firearm or ammunition by his prior convictions, and if he did in fact possess those instruments." Suppl. R. vol. 2 at 23. The court further ruled this evidence could confuse the issues or mislead the jury, thus substantially outweighing its probative value. On appeal, Mr. Berris has not identified evidence he might have introduced, or shown how it might have been probative of any fact in dispute. We see no abuse of discretion in the district court's ruling.

Second, Mr. Berris asserts the district court wrongly instructed the jury that his own testimony, and the testimony of his other witness, was "hearsay," yet endorsed the testimony of prosecution witnesses as expert testimony. Opening Br. at 2. Mr. Berris has not identified where the district court gave such an instruction, or identified what testimony was excluded or mischaracterized. Because he has not identified the district court rulings he claims were erroneous, or supported his argument with citations to the record or authority, Mr. Berris has not shown how the district court abused its discretion. *See Meek*, 74 F.4th at 1276; *Garrett*, 425 F.3d at 840.

Beyond those two specific allegations of error, Mr. Berris generally insists the district court prevented him from introducing any evidence in his defense. He refers to the district court's order granting the government's motions in limine, but he does not identify which rulings in that order he challenges. He again does not provide citations to the record or authority that would allow us to evaluate his challenge to

the district court's evidentiary rulings. Mr. Berris, therefore, has shown no abuse of discretion. *See Meek*, 74 F.4th at 1276; *Garrett*, 425 F.3d at 840.

**B. Sufficiency of Evidence**

Mr. Berris next argues he was wrongly convicted because he did not know his possession of the firearms was unlawful. He contends he entered Canada on October 1, 2022, and a Border Patrol agent told him "there's absolutely nothing on your [criminal] record under International Law." Aplt. Opening Br. at 2. We understand Mr. Berris's argument to be that, based on the border agent's statement and the fact he was allowed to enter Canada, a reasonable jury could not have found that he "knew he was convicted of a felony at the time he possessed a firearm," which is one of the essential elements required for conviction under § 922(g)(1). Tenth Cir. Pattern Crim. Jury Instr. § 2.44; *see also Rehaif v. United States*, 588 U.S. 225, 237 (2019) ("[I]n a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove . . . that [the defendant] knew he belonged to the relevant category of persons barred from possessing a firearm.").

As the jury was instructed, to convict Mr. Berris, it had to find he "knew he had been previously convicted of a felony." R. vol. 1 at 60. The knowledge required is "'knowledge of the facts that constitute the offense,' rather than 'knowledge of the law.'" *United States v. Benton*, 988 F.3d 1231, 1238 (10th Cir. 2021) (brackets omitted) (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998)). The government did not need to "prove [Mr. Berris] knew his status prohibited him from possessing a firearm." *Id*. It only needed to prove he knew his own "status"—i.e., that he knew he

had previously been convicted of an offense punishable by more than one year in prison. *See id.*

"To determine whether evidence is sufficient to uphold a conviction, 'we examine, in the light most favorable to the government, all of the evidence together with the reasonable inferences to be drawn therefrom and ask whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Goldesberry*, 128 F. 4th 1183, 1191 (10th Cir. 2025) (quoting *United States v. Arutunoff*, 1 F.3d 1112, 1116 (10th Cir. 1993)). We consider both direct and circumstantial evidence. *See id.* at 1194. And we "consider[] the collective inferences to be drawn from the evidence as a whole." *United States v. Flechs*, 98 F.4th 1235, 1247–48 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 310 (2024). "Sufficiency review 'is highly deferential.'" *Goldesberry*, 128 F.4th at 1191 (quoting *United States v. Burtrum*, 21 F.4th 680, 685 (10th Cir. 2021)). We "cannot second-guess" the jury's fact finding and have "little leeway" to set it aside. *Flechs*, 98 F.4th at 1248 (internal quotation marks omitted).

Applying these principles, we conclude the evidence was sufficient to support the conviction. Evidence of Mr. Berris's prior convictions showed he had been convicted three times of unlawfully possessing a firearm after an earlier felony conviction, and that he pled guilty in at least two of those cases. The evidence also showed Mr. Berris attempted to purchase a firearm from a federally registered dealer in 2019, but his purchase was denied when the required background check revealed he had a disqualifying prior felony. Mr. Berris further acknowledged he had never

applied for a pardon, for expungement of his record, or to have his rights restored. He also testified that he had taken no steps to confirm whether his criminal record had been cleared after his encounter with the border agent. Understood as a whole, we are satisfied the government had proven each of the essential elements required to convict Mr. Berris under § 922(g)(1), including that he knew he had previously been convicted of a crime punishable by more than a year in prison.

### C. Validity of Mr. Berris's Conviction

Mr. Berris also contends his conviction is invalid because there can be no crime without an identified "Injured Party" or "Victim." Aplt. Opening Br. at 3. Because he cites no authority to support this argument, we decline to address it. *See Meek*, 74 F.4th at 1276–77 ("[A]n appellant ordinarily must present at least *some* authority that remotely supports his argument. . . . And it is not our job to find the authority . . . and then make [the] argument for him.'" (internal quotation marks and brackets omitted) (citing *United States v. Lamirand*, 669 F.3d 1091, 1099 n.7 (10th Cir. 2012), and *Yelloweagle*, 643 F.3d at 1284).

Finally, to the extent Mr. Berris's appeal is predicated on his identification as a "state national," or a belief he is beyond the jurisdiction of federal courts or statutes, such arguments offer no basis for reversal. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *cf. Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

9

### III. Conclusion

We affirm the judgment of the district court.

Entered for the Court

Veronica S. Rossman
Circuit Judge