**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 29 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH RANDALL MARKEY,

Defendant - Appellant.

No. 04-2044

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. Ct. No. CR-03-778 MCA)**

---

Submitted on the briefs:[*]

Dawn T. Adrian, Albuquerque, New Mexico, for the Defendant-Appellant.

David C. Iglesias, United States Attorney, and David N. Williams, Assistant United States Attorney, Office of the United States Attorney, Albuquerque, New Mexico, for the Plaintiff-Appellee.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **TACHA**, Chief Circuit Judge, **HENRY**, Circuit Judge, and **WHITE**,[†] District Judge.

---

**TACHA**, Chief Circuit Judge.

---

Defendant–Appellant Kenneth Randall Markey pleaded guilty to a one-count indictment for being a felon in possession of explosives in violation of 18 U.S.C. § 842(i)(1). As a condition to entering the plea, Mr. Markey reserved the right to appeal the District Court's order precluding him from presenting evidence that the dynamite he possessed could not actually explode. We take jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

In December 2002, Mr. Markey was given four sticks of dynamite by an acquaintance who had found the sticks in a commercial dumpster. Because Mr. Markey had used explosives while serving in the military, he had some knowledge of dynamite. He examined the dynamite and noticed it was manufactured in 1971 and had not been stored properly. As a result, he concluded that it could not be detonated by conventional methods. To verify his conclusion, Mr. Markey took one stick of dynamite to an uninhabited mesa northwest of Albuquerque, New Mexico, connected it to an electronic blasting

---

[†]Hon. Ronald A. White, District Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

cap, and attempted to detonate it. Although the blasting cap exploded, the dynamite did not. Mr. Markey left the remaining three sticks in his apartment, which were later found by the police after Mr. Markey's brother-in-law alerted them to the situation.

The Government indicted Mr. Markey under 18 U.S.C. § 842(i)(1), which makes it unlawful for any person who has been convicted of a felony to "possess any explosive which has been shipped or transported in or affecting interstate . . . commerce." 18 U.S.C. § 842(i)(1). After Mr. Markey unsuccessfully moved to dismiss the indictment based on evidence that the dynamite was incapable of exploding, the Government filed a motion in limine seeking to preclude Mr. Markey from continuing to present such evidence, including evidence of Mr. Markey's failed attempt to detonate the fourth stick of dynamite.

The District Court granted the Government's motion, holding that an explosive need not explode or be capable of exploding in order to trigger § 842(i)(1). As such, the court held that evidence showing that the dynamite was incapable of exploding was not relevant, *see* Fed. R. Evid. 402, and its probative value was substantially outweighed by the risk that such evidence would confuse or mislead the jury, *see* Fed. R. Evid. 403. The District Court also held that the exclusion of this evidence did not violate Mr. Markey's Fifth and Sixth Amendment right to present a defense.

Mr. Markey subsequently pleaded guilty to the indictment on the condition that he retain the right to appeal the District Court's order precluding him from presenting evidence that the dynamite he possessed could not actually explode. He now appeals that order, arguing that it violates his Fifth and Sixth Amendment right to present a defense.

## II. STANDARD OF REVIEW

Generally, we review a district court's decision to exclude evidence for abuse of discretion. *United States v. Ramone*, 218 F.3d 1229, 1234 (10th Cir. 2000). Because Mr. Markey asserts that the exclusion of evidence violated his constitutional rights, however, we review the District Court's decision de novo. *See, e.g.*, *United States v. Rith*, 164 F.3d 1323, 1334 (10th Cir. 1999). If the District Court erred, we then determine whether the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24 (1967).

## III. DISCUSSION

A defendant's right to testify, present witnesses in his own defense, and to cross-examine witnesses against him—often collectively referred to as the right to present a defense—is rooted in the Sixth Amendment's confrontation and compulsory process clauses, *see Rock v. Arkansas*, 483 U.S. 44, 52 (1977), and the Fifth Amendment's guarantee of due process and privilege against self-incrimination, *see id.* at 52–53. The right to present a defense, however, is not

without limits. At a minimum, a defendant is limited to presenting relevant evidence, *Ramone*, 218 F.3d at 1237, which is evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401.

To determine what evidence is relevant, we first turn to the elements of the offense. *See, e.g., United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir.) (holding relevance of evidence "is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question"). The statute Mr. Markey is charged with violating makes it unlawful for a person convicted of a felony "to ship or transport any explosive in or affecting interstate or foreign commerce or to receive or possess any explosive which has been shipped or transported in or affecting interstate or foreign commerce." 18 U.S.C. § 842(i)(1). Giving this language its plain and ordinary meaning, *see United States v. Plotts*, 347 F.3d 873, 876 (10th Cir. 2003), we find that a violation of § 842(i)(1) requires that the Government prove beyond a reasonable doubt that: (1) the defendant was previously convicted of a felony; (2) he thereafter knowingly shipped, transported, received or possessed an explosive; and (3) the possession was in or affecting interstate or foreign commerce. *Cf. United States v. Norman*, 388 F.3d

1337, 1340 (10th Cir. 2004) (providing similar elements for a violation of 18 U.S.C. § 922(g)(1), a statute which is nearly identical to § 842(i)(1)).

A further word is required as to the second element of the statute (i.e., that the defendant *knowingly* possessed an explosive). Although the text of § 842(i)(1) does not specifically state a mens rea requirement, this silence does not indicate that Congress intended to dispense with one. *United States v. Staples*, 511 U.S. 600, 605 (1994). To the contrary, the Supreme Court has noted that "offenses that require no *mens rea* are generally disfavored." *Id.* at 606. Indeed, we have found a mens rea requirement in the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1), which is nearly identical to § 842(i)(1). *See Norman*, 388 F.3d at 1340. Our holding is in agreement with other circuits' treatment of § 842(i)(1). *See United States v. Van Horn*, 277 F.3d 48, 54 (1st Cir. 2002); *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998).

Because Mr. Markey's status as a felon and whether his possession of the dynamite affected interstate commerce are not contested, the sole issue is whether the Government can prove that Mr. Markey knowingly possessed explosives. To do so, it must prove that Mr. Markey knew the objects he possessed had the characteristics that brought them within the statutory definition of an explosive. *See Staples*, 511 U.S. at 602. Mr. Markey contends he did not knowingly possess explosives because he reasonably believed the dynamite he possessed could no

-6-

longer explode. The excluded evidence, he argues, was therefore relevant to his defense. Whether evidence of the dynamite's explosive capacity is relevant depends on whether the Government must prove that a particular device is capable of exploding to be classified as an "explosive" under § 842(i)(1).

An "explosive," for purposes of § 842(i)(1), is "any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explosives." 18 U.S.C. § 841(d). As with all statutory interpretation, we begin by looking to the language of the statute and give the words used "their ordinary meaning." *Plotts*, 347 F.3d at 876. When the language of the statute is "clear and unambiguous," it must be followed unless it would lead to an absurd result contrary to clear legislative intent. *Id.* Congress was clear and unambiguous in defining an explosive under § 841(d); the ordinary meaning of the terms "primary or common purpose" connotes a device's intended and usual use—not its actual capability. Congress also explicitly stated that dynamite fits this definition. Because the statute defines an explosive in terms of its primary or common purpose, we hold that the Government need not show that a device is actually able to explode to prove that a defendant knowingly possessed an explosive under § 842(i)(1); it need only prove that the defendant knew he possessed dynamite or other chemical compound, mixture, or device that was primarily

designed to function by explosion.

Finally, Mr. Markey argues that because he believed in good faith that the dynamite could not explode, he should be exonerated. This contention appears to be one of ignorance of the law—"I thought the law applied differently than it does." *See United States v. Capps*, 77 F.3d 350, 353 (10th Cir. 1996). This type of argument is "easily rejected." *See United States v. Reed,* 114 F.3d 1053, 1057 (10th Cir. 1997) (holding that a good faith belief that a firearm is inoperable is not a viable defense to 18 U.S.C. § 922(g)). Accordingly, evidence concerning Mr. Markey's belief that the dynamite could not explode is irrelevant to whether he knowingly possessed an explosive for purposes of § 842(i)(1). As such, its exclusion did not implicate his Fifth or Sixth Amendment right to present a defense.

## IV. CONCLUSION

Because the actual explosive capacity of any particular stick of dynamite is irrelevant to a 18 U.S.C. § 842(i)(1) violation, we AFFIRM the District Court's exclusion of evidence regarding whether the dynamite in Mr. Markey's possession was capable of exploding.