FILED
United States Court of Appeals
Tenth Circuit

August 15, 2016

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT G. LUSTYIK, JR.,

Defendant - Appellant.

No. 15-4050

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. NO. 2:12-CR-00645-TC-DBP-1)**

---

Michael J. Langford, Law Office of Michael J. Langford, Salt Lake City, Utah, for Appellant.

William A. Glaser, Appellate Section, Criminal Division (Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, Peter M. Koski, Deputy Chief, Public Integrity Section, Maria N. Lerner, Public Integrity Section, Anne Marie Blaylock Bacon, Asset Forfeiture & Money Laundering Section, United States Department of Justice, Washington, DC, and John W. Huber, United States Attorney for the District of Utah, Salt Lake City, Utah, with him on the brief), United States Department of Justice, Washington, DC, for Appellee.

---

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MATHESON**, Circuit Judges.

---

**TYMKOVICH**, Chief Judge.

---

Robert G. Lustyik served as a special agent with the Federal Bureau of Investigation for twenty-four years before he was indicted on charges related to the obstruction of justice. Prior to trial, Lustyik pleaded guilty to all charges in the indictment without a plea agreement. After his plea, his lead counsel withdrew and Lustyik obtained new counsel. On the eve of sentencing, counsel sought an order allowing him to obtain security clearance to review classified material he believed might be relevant for sentencing. The district court, having previously reviewed the documents, deemed them irrelevant to the sentencing issues, denied the motion, and subsequently sentenced Lustyik to 120 months' imprisonment.

Lustyik argues that the district court's order denying his counsel access to the classified materials violated his Sixth Amendment rights at sentencing. We affirm the district court's denial of Lustyik's motion and its judgment below. The court's decision was not presumptively prejudicial to Lustyik's advocacy at sentencing, nor did the district court abuse its discretion in concluding the documents were not relevant for sentencing.

We remand for the limited purpose of clarifying the general sentence.

## I. Background

Former FBI agent Robert G. Lustyik wanted to help his friend and business partner, Michael L. Taylor, in return for payment. Taylor owned American International Security Corporation (AISC), a company that offered security and

defense contracting services. The Department of Defense awarded AISC a contract in 2007 to provide training and related services to Afghan Special Forces. In mid-2010, the United States began investigating AISC regarding fraud and money laundering in connection with the 2007 contract.

In September 2011, the United States filed a civil forfeiture action against assets owned by Taylor and AISC, which resulted in the seizure of more than $5 million dollars from AISC's bank account. Lustyik used his status as an FBI agent to impair the government's investigation of Taylor, including attempting to establish Taylor as a confidential source. From February through August 2012, Lustyik contacted multiple individuals connected with the AISC investigation to dissuade them from indicting Taylor and promoted him as a confidential source.

In return for Lustyik's efforts, Taylor promised Lustyik cash payments and shared profits from their joint business venture. Lustyik repeatedly reminded Taylor of his need for money, and Taylor promised, "You will have more coin than you know what to do with." R., Vol. I at 141.

In 2012, a grand jury indicted Lustyik, Taylor, and their middle-man Johannes Thaler, for conspiracy, honest services wire fraud, obstruction of justice, and obstruction of agency proceedings. The United States proceeded to disclose more than one million pages of unclassified discovery, and more than 10,000 pages of partially-redacted classified discovery to all defense counsel with security clearance including Lustyik's lead counsel. Of those 10,000 classified

pages, the government disclosed 6,961 pages to Lustyik, even though he no longer had a security clearance.

Pursuant to the Classified Information Procedures Act (CIPA) § 5(a), Lustyik and his co-defendants identified classified information—80 pages of interviews, 400 pages of documents, and 15 topics—they wished to present at trial. After the government objected, the court met *ex parte* with Defendants' counsel to understand how Defendants wanted to use the evidence. The court held a hearing on the government's motion and subsequently determined the confidential information was inadmissible, concluding most of the information was not relevant under Federal Rule of Evidence 401. To the extent a piece of evidence was relevant, the court found it inadmissible under Rule 403 because Defendants "intend[ed] to offer details of information Mr. Taylor provided to the FBI[,]" which "would create a sideshow that would waste time and substantially risk confusing the jury." R., Vol. I at 180. Further, the question for the jury was not the actual value of Taylor as a source, but rather Lustyik's good faith belief that what he was doing was legitimate. The court also described equally probative evidentiary alternatives.

A few days later, during Lustyik's first day of trial, he pleaded guilty to each of the eleven counts in the indictment without a plea agreement. In November 2014, the court granted Lustyik's lead counsel's motion to withdraw and appointed Lustyik's local counsel as substitute counsel. The court

rescheduled sentencing to March 30, 2015, allowing more than four months to prepare. On February 12, defense counsel received the pre-sentence investigation report (PSR), prepared by a probation officer who was not provided with classified information. On March 2, Lustyik filed a motion for an order allowing his attorney to seek security clearance in preparation for sentencing.

A magistrate judge denied the motion. The district court affirmed and denied Lustyik's corresponding motion to continue. At the March 30 sentencing hearing, Lustyik's attorney indicated he only knew the case, "to the extent [he could]." R., Vol. III at 85. The court responded that the classified information "would not add to your ability to make a good argument and to argue for your client." *Id.* The court added, "To the extent that it would be relevant, I am well aware, mainly from the materials that Mr. Taylor has sent, that Mr. Taylor may have had some value as an operative or as a contact, which is what I think you were needing it for." *Id.* Counsel responded, "Yes, Judge." *Id.* at 86.

Lustyik's counsel went on to present sentencing considerations under 18 U.S.C. § 3553(a) (nature of the offense, just punishment, deterrence, public protection, and rehabilitation). Counsel described that Lustyik's crime did not involve violence, did not implicate national security, and was not successful. He detailed the legal and extra-legal punishment Lustyik had suffered and promoted Lustyik's previously unblemished career and the work he had done for the community.

Counsel succeeded in securing a downward variance from the guidelines range.  The court departed from the recommended range of 151 to 188 months and imposed a 120-month sentence considering minimal deterrence value, family need, and prison conditions.

Lustyik appeals, arguing that his constitutional rights were violated when his counsel was denied access to the classified materials.

## II.  Discussion

We review district court rulings limiting access to evidence for abuse of discretion.  *See United States v. Markey*, 393 F.3d 1132, 1135 (10th Cir. 2004).  But to the extent Lustyik asserts that the district court's decision violated his Sixth Amendment rights, we review the decision de novo.[1]  *United States v. DeChristopher*, 695 F.3d 1082, 1095 (10th Cir. 2012) ("We ordinarily review evidentiary rulings for abuse of discretion, but to the extent Defendant asserts the exclusion of evidence violated his constitutional rights, we review the ruling de novo.").

We first examine the scope of the Sixth Amendment as it relates to accessing discovery during sentencing proceedings, and then determine whether

---

[1]  Lustyik alludes in his opening brief that he also has a due process right to review the classified documents.  He does not describe the contours of this right, but merely asserts that it has been violated.  Since he did not raise a due process argument before the district court, we review for plain error.  He advances no argument as to why the district court plainly erred, thereby waiving the argument.  *United States v. Rodebaugh*, 798 F.3d 1281, 1305 (10th Cir. 2015).

the district court abused its discretion in denying access to the classified materials.

## A. *The Sixth Amendment*

The Sixth Amendment guarantees every defendant "the assistance of counsel for his defense." U.S. Const. amend VI. The Supreme Court has interpreted this right to extend to all critical stages of criminal proceedings, including sentencing. *Gardner v. Florida*, 430 U.S. 349, 358 (1977) ("[S]entencing is a critical stage of the criminal proceeding at which [the defendant] is entitled to the effective assistance of counsel."); *United States v. Washington*, 619 F.3d 1252, 1258 (10th Cir. 2010). The guarantee of "effective" assistance follows from the Amendment's language and purpose—to ensure fairness in the adversary process. *United States v. Cronic*, 466 U.S. 648, 655–56 (1984). The accused thus has the right to subject the prosecution's case to "the crucible of meaningful adversarial testing." *Id.* at 656. In evaluating whether the accused's right to counsel has been violated, we must consider whether the criminal proceeding "cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

Lustyik contends the district court denied him the right to meaningful adversarial testing. He claims his lawyer was hamstrung at sentencing because the court denied him access to potentially relevant classified information that he could have used to argue for a more lenient sentence.

As an initial matter, the Sixth Amendment's guarantee of effective counsel applies to court-imposed limitations on the adversarial process. That is, trial courts must ensure that restrictions on representation by counsel do not undercut his or her role as an effective advocate. *Herring v. New York*, 422 U.S. 853, 857 (1975); *see also* 3 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 11.8(a) (4th ed.) ("The 'right to the assistance of counsel' the Supreme Court noted in *Herring*, 'has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the adversary factfinding process.' Accordingly, state action, whether by statute or trial court ruling, that prohibits counsel from making full use of traditional trial procedures may be viewed as denying defendant the effective assistance of counsel.").

Of course, not all government action regulating the trial process violates the Sixth Amendment. A defendant must generally show *how* a particular action violates his right to a fair trial. *See Michigan v. Lucas*, 500 U.S. 145 (1991) (holding that courts may not find a *per se* Sixth Amendment violation where the defendant was unable to present relevant evidence). This is because a rigid, *per se* rule is, by its nature, too blunt an instrument to account for the "legitimate demands of the adversarial system[.]" *See United States v. Nobles*, 422 U.S. 225, 241 (1975); *see also* 3 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 2.9(g) (4th ed.) (explaining that in the Sixth Amendment context, a "*per se*

-8-

standard is either overinclusive or underinclusive as compared to the application of that function to all relevant circumstances on a case-by-case basis"); *cf. Strickland*, 466 U.S. at 688 (noting that for ineffective assistance claims "specific guidelines are not appropriate[,]" rather, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances").

Still, a bright-line rule may be appropriate where the constitutional violation is so flagrant that we need not consider it on a case-by-case-basis. *E.g.*, *Turner v. Murray*, 476 U.S. 28, 36–37 (1986) (*per se* unfair trial where capital defendant accused of an interracial crime cannot question prospective jurors on the issue of racial bias). A categorical approach may also be appropriate to alleviate administrative difficulties and apply prophylactic rules. *E.g.*, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (*per se* ineffective assistance if counsel fails to file a requested appeal as of right); *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981) (*per se* Fifth Amendment protection where accused invokes his right to counsel and police re-engages interrogation); *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980) (*per se* ineffective assistance of counsel where conflict-of-interest affects representation).

By that logic, the right to effective assistance of counsel is *presumptively* violated only where the circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. A court must determine whether "there was a breakdown in the

adversarial process that would justify a presumption that [a defendant's] conviction was insufficiently reliable to satisfy the Constitution." *Id.* at 662. In explaining *Cronic*, the Supreme Court has identified three situations where the defendant need not show prejudice or harm:

> First and "[m]ost obvious" was the "complete denial of counsel." . . . Second, we posited that a similar presumption was warranted if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Finally, we said that in cases like *Powell v. Alabama* where counsel is called upon to render assistance under circumstances where competent counsel very likely could not, the defendant need not show that the proceedings were affected.

*Bell v. Cone*, 535 U.S. 685, 695 (2002) (citations omitted).

Lustyik contends the district court ruling violated a variation of the second and third situations described above. He claims the limitations on his counsel's ability to review classified materials fatally undercut his effectiveness, and prevented him from adequately testing the government's position at sentencing. For support, he points to our decision in *United States v. Collins*, 430 F.3d 1260 (10th Cir. 2005). There we applied *Cronic*'s presumption of prejudice where the defendant was effectively denied counsel at a competency hearing. The district court had denied defense counsel's request to withdraw the day of defendant's hearing, but proceeded with the hearing anyway. Defense counsel remained present but "abstained from providing the court with information relevant to the issue of competency." *Id.* at 1266. We found defendant was constructively

-10-

denied effective counsel due to the "complete absence of adversarial testing" of the government's case at the hearing. *Id.* at 1265. Relying on *Collins*, Lustyik argues he was effectively without counsel at sentencing. We disagree, for several reasons.

First, as the Supreme Court has emphasized, the Sixth Amendment's right to counsel applies only where there has been a *complete* breakdown in the adversarial process, such that "counsel has entirely failed to function as the client's advocate." *Florida v. Nixon*, 543 U.S. 175, 189 (2004). As we put it in a recent case, counsel's performance must be so lacking that "in effect, no assistance of counsel is provided." *Williams v. Trammell*, 782 F.3d 1184, 1201 (10th Cir. 2015) (quoting *Cronic*, 466 U.S. at 654 n.11). Only in those cases do we presume the defendant has been denied a fair trial.

But where defense counsel's conduct has only been partially restricted by the trial court, such as here, the presumption of prejudice does not apply. *See, e.g.*, *Goodwin v. Johnson*, 132 F.3d 162, 176 n.10 (5th Cir. 1997) ("When the defendant receives at least some meaningful assistance, he must prove prejudice in order to obtain relief for ineffective assistance of counsel."). Not every "disadvantage to the defense's representation" infects the proceedings "with error of constitutional dimensions." *United States v. Bell*, 795 F.3d 88, 96 (D.C. Cir. 2015) *pet. for cert. filed*, No. 15-8606 (Mar. 18, 2016).

Nor do the circumstances here eliminate the "likelihood that any lawyer, even a fully competent one, could provide effective assistance." *Cronic*, 466 U.S. at 659–60. The Supreme Court has found a constitutional violation only in a few circumstances including where the district court (1) prohibited direct examination of the defendant by his counsel, *see Ferguson v. Georgia*, 365 U.S. 570 (1961); (2) required defendants who choose to testify to do so before any other defense witnesses, *see Brooks v. Tennessee*, 406 U.S. 605 (1972); (3) refused to allow defense counsel closing argument in a bench trial, *see Herring*, 422 U.S. 853; and (4) prohibited consultation between a defendant and his attorney during an overnight recess between direct- and cross-examination of the defendant, *see Geders v. United States*, 425 U.S. 80 (1976). *See also Shillinger v. Haworth*, 70 F.3d 1132, 1141 (10th Cir. 1995) (summarizing cases). As we explained in *Shillinger*, the Sixth Amendment right to counsel is presumptively violated where the government acts with the *purpose* of intruding on the attorney-client relationship, absent a countervailing interest. *Id.* at 1141–42.

Lustyik has failed to establish that the district court's determination by itself creates a Sixth Amendment violation.[2] So, we review this factual finding—that the classified material was not relevant for sentencing—for abuse of discretion. *See United States v. Apperson*, 441 F.3d 1162, 1193 (10th Cir. 2006)

---

[2] Further, Lustyik does not engage in a factual inquiry of constitutional ineffectiveness by pointing us to any prejudicial effect.

(reviewing district court's restrictions regarding discoverable classified information).

Lustyik argues the classified documents *might* contain information regarding the criminal act and his character, which, he says, are relevant to the 18 U.S.C. § 3553(a) sentencing factors. But he does not explain what material he needed, nor what additional light it might have shed on his character.

Instead, the record amply supports the district court's conclusion. Counsel received more than one million pages of unclassified documents prior to sentencing, and Lustyik himself was able to review almost 7,000 pages of classified material. The probation officer prepared the PSR without access to confidential information. After Lustyik's counsel received the PSR, the government confirmed that it would not be basing sentencing arguments on classified material. The district court had already read the confidential material and heard from Taylor regarding his value as a confidential source. Further, Taylor's value as a source was only relevant to the extent Lustyik was aware of it. The relevant question is what Lustyik *believed* about Taylor's value, not his objective potential.[3] Lustyik did not need access to confidential materials to

---

[3] This is because the crime Lustyik committed involved a question of intent: whether he intended to offer Taylor as an informant purely to impair the government's investigation of Taylor, or whether he honestly believed Taylor would provide information of value to the government. If Taylor had information, but Lustyik was unaware of this, nothing in the confidential information would be relevant to the district court's consideration.

make this showing. At the sentencing hearing, counsel proceeded to argue each of the 18 U.S.C. § 3553(a) sentencing factors and secured a significant downward variance—the court varied downward from the recommended range of 151 to 188 months to impose a 120-month sentence.[4]

It is worth noting the district court here faced circumstances similar to those courts routinely face in addressing confidential or private information. In many situations we allow courts to review evidence *in camera* to determine its relevancy and admissibility. For example, where the government is required to turn over relevant and material evidence to the accused, but the information is the victim's confidential medical information, the defendant's interests are instead protected by the trial court's *in camera* review. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). And where the party seeking access to undisclosed information can "point to no prejudice or harm" from *in camera* review, we have declined to find an abuse of discretion. *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 865 (10th Cir. 2005); *see also United States v. Gagnon*, 470 U.S. 522, 526 (1985) (finding no constitutional violation where the court questioned a juror *in camera*); *United States v. Hinkle*, 37 F.3d 576 (10th Cir. 1994) (finding

---

[4] Lustyik argues his co-defendant received a shorter sentence, 24 months' imprisonment, for similar conduct. But the co-defendant's guidelines range was 70 to 87 months, less than half of Lustyik's range. Further, the government faced a suppression of evidence issue in the other case that led to its agreement to the specific sentence approved by the court.

defendant's Confrontation Clause rights fulfilled even though counsel was not given access to mental health history, which the court reviewed *in camera*).

In sum, the district court did not violate Lustyik's Sixth Amendment right to counsel nor did it abuse its discretion in determining the confidential material was not relevant for sentencing.

### B. CIPA Does Not Entitle Lustyik To Relief

Lustyik also contends the district court should have interpreted the Classified Information Procedures Act (CIPA) "to allow defense counsel to review classified information in preparation for a sentencing hearing." Aplt Br. 15.

CIPA provides guidance to trial judges applying Federal Rule of Criminal Procedure 16(d) (discovery) where confidential information is involved. *United States v. El-Mezain*, 664 F.3d 467, 519–20 (5th Cir. 2011). CIPA "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008); *see also* CIPA § 4, 18 U.S.C. App. III § 4 ("The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure . . . ."). It is a procedural statute, however, that does not give rise to an independent right to discovery. *El-Mezain*, 664 F.3d at 519–20; *see also United*

*States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant.").

While CIPA could provide procedural guidance to a district court in restricting or denying review of classified information, it does not provide Lustyik a freestanding right to classified information.[5]  And to the extent Lustyik argues CIPA's procedural requirements highlight the court's duty to balance the government's need for confidentiality with the defendant's right to a fair trial, as we explained above the district court did not abuse its discretion in denying access to the confidential information.

### C. Sentencing Error

Finally, the government concedes the sentence of 120 months may be reversible error.  Two of the eleven counts Lustyik pleaded guilty to only carry a maximum sentence of five years.  *See* 18 U.S.C. § 371 (Count 1); 18 U.S.C. § 1505 (Count 11).  "A district court imposes an illegal sentence when it sentences a defendant to a term of incarceration that exceeds the statutory maximum."  *United States v. MacKay*, 715 F.3d 807, 846 (10th Cir. 2013).  The remaining counts, however, provide for at least a ten-year maximum sentence.  18

---

[5]  Lustyik additionally suggests Federal Rule of Criminal Procedure 32 supports his right to access confidential material, but does not sufficiently develop the argument.  "The court will not consider such 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.'"  *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (quoting *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994)). Further, the parties do not dispute the Rule 32 procedural guarantees have been satisfied.

U.S.C. § 1343 (twenty years); 18 U.S.C. § 1503 (ten years). At sentencing, the district court did not differentiate between the separate counts but rather imposed a blanket 120-month sentence. Therefore, "the judgment is unclear whether the district court intended to impose a [120]-month sentence on each count, a clearly illegal sentence." *MacKay*, 715 F.3d at 846. Based on the government's concession, we remand to the district court for the limited purpose of clarifying the general sentence. *Id.* at 846–47.

## III. Conclusion

We AFFIRM the district court's denial of Lustyik's request for a security clearance for his attorney. We REMAND for sentence clarification.