**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RICHARD ANTHONY GRAHAM,

     Defendant - Appellant.

No. 15-4135
(D.C. No. 2:14-CR-00508-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

## I.    INTRODUCTION

Richard Graham was found guilty of escape after a bench trial in which the district court barred Mr. Graham from presenting his duress defense because he refused to first make an evidentiary proffer. On appeal, Mr. Graham claims the requirement of a proffer violated several of his constitutional rights. We disagree. In requiring an evidentiary proffer, the district court properly fulfilled its gatekeeping function, for which it possesses broad discretionary authority. Mr. Graham's failure to proffer *any* evidence of duress rightly barred him from introducing the defense at

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial, and the court's decision to exclude the defense did not violate his constitutional rights. Accordingly, we affirm.

## II.   BACKGROUND

Mr. Graham was indicted on one count of escape, in violation of 18 U.S.C. § 751(a), after he failed to return to the residential reentry center where he was assigned after a period of incarceration. He was away from custody for approximately four months and was eventually apprehended on September 23, 2014. Before trial, the United States filed a motion in limine to exclude any duress or necessity defenses; Mr. Graham opposed the motion. To assess the adequacy of Mr. Graham's duress defense, the district court held a hearing on the motion and identified three potential ways to proceed: (1) by a proffer, (2) by a pretrial evidentiary hearing, or (3) by letting the evidence come out at trial. The court did not prefer the third option, but Mr. Graham argued the "only thing to do is to let it come out at trial" because "Mr. Graham has a right, a Constitutional right, to put on his defense." The court set a hearing for the following day so the parties could submit relevant authority and the court could examine the issue further.

The next day, Mr. Graham refused to proffer any evidence, arguing he had a Fifth Amendment "right to refuse to disclose his theory of defense and refuse to disclose his potential testimony." He also asserted a Sixth Amendment "right to confront and cross examine witnesses" and the privilege of confidential communications with his attorney. Mr. Graham claimed a proffer would give the government an advantage at trial—it "would allow them to prepare their case even

2

more and would make me that much less effective at trial." Finally, he asserted that requiring a proffer would improperly shift the burden of proof to Mr. Graham in violation of the Fifth Amendment.

The district court disagreed, concluding that a pretrial proffer was neither unconstitutional nor erroneous; to the contrary, the district court observed that it "is not a very high burden to present some -- to proffer some evidence." Indeed, the district court authorized Mr. Graham to make an unsourced proffer in support of the duress defense. Mr. Graham declined that option.

The district court then suggested a further alternative: after the United States presented its case in chief, the jury would be excused and Mr. Graham could cross-examine the government's witnesses on the duress defense and also present his own witnesses on the defense. If the defense survived, the district court would "hear that evidence in the presence of the jury." Mr. Graham rejected this option as well, claiming he had a right to present the duress defense for the first time in the presence of the jury.

Despite the district court's flexibility, Mr. Graham steadfastly refused to present even an unsourced proffer to support the defense prior to trial. The district court ultimately held that in the absence of some evidence on each element of the duress defense, Mr. Graham was precluded from presenting the defense at trial.

In light of the district court's ruling, Mr. Graham indicated his willingness to accept a conditional guilty plea, or stipulate to the elements of the crime in order to avoid the need for a full trial. The government rejected both options so it could create

3

a factual record at trial to assist this court's review of the issue on appeal. Ultimately, Mr. Graham agreed to a bench trial, but only "to preserve a legal issue, not to challenge the facts that show his guilt as to each element of the offense." Based on the evidence the government presented at trial, the district court found Mr. Graham guilty of escape, and Mr. Graham then filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III. DISCUSSION

### A. *Standard of Review*

Whether the district court's exclusion of Mr. Graham's duress defense violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution is a question we review de novo. *United States v. Montelongo*, 420 F.3d 1169, 1173 (10th Cir. 2005); *United States v. Markey*, 393 F.3d 1132, 1135 (10th Cir. 2004). Absent a constitutional implication from the district court's exclusion of evidence, we generally review the evidentiary determination for an abuse of discretion. *United States v. Portillo-Vega*, 478 F.3d 1194, 1197 (10th Cir. 2007). Where a defendant fails to make an evidentiary proffer, however, we "review the district court's exclusion of that evidence for plain error only." *See United States v. Crockett*, 435 F.3d 1305, 1312 (10th Cir. 2006).[1]

---

[1] Because Mr. Graham makes no attempt to challenge the district court's evidentiary ruling on the basis of plain error, we consider only his constitutional claims. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011) ("Before us, however, [the defendant] hasn't even attempted to show how his new legal theory satisfies the plain error standard. And the failure to do so—the failure to

**B. *The Trial Court's Exclusion of Mr. Graham's Duress Defense Did Not Violate His Constitutional Rights***

To prevail on a duress defense at trial, a defendant must establish three elements by a preponderance of the evidence: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." *United States v. Portillo-Vega*, 478 F.3d 1194, 1197 (10th Cir. 2007) (internal quotation marks omitted). Where a trial court permits evidence of the defense to be introduced at trial, it may manage the presentation of that evidence by requiring a defendant to first satisfy any one of the elements before proceeding further; "the trial court and jury need not be burdened with testimony supporting other elements of the defense" if the defendant cannot meet that initial burden. *United States v. Bailey*, 444 U.S. 394, 416 (1980); *see id*. at 412 n.9. Alternatively, the trial court may permit the defendant to submit relevant evidence in support of the defense but, if the evidence is lacking, it may deny the defendant's request to have an instruction on the defense submitted to the jury. *See United States v. Al-Rekabi*, 454 F.3d 1113, 1122 (10th Cir. 2006) (denying jury instruction on necessity defense due to insufficient evidence presented at trial and concluding that "[t]o qualify for an instruction on an affirmative defense . . . a defendant must produce evidence of each element sufficient to warrant its consideration by the jury"); *United States v. Scott*, 901 F.2d 871, 873 (10th Cir. 1990) (denying jury instruction on coercion defense on the same basis). Or, the court

---

argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court.").

may rule on the adequacy of the defense based on a pretrial proffer. *United States v. Alicea*, 837 F.2d 103, 107 (2d Cir. 1988).

Regardless of the path chosen by the trial court, there is no question that where the defendant's evidence is insufficient on even *one* element of the defense, the defendant is not permitted to proceed further. *See Bailey*, 444 U.S. at 412 n.9. And "[u]nless the offer of proof meets the very narrow limits of justification defenses," the trial court may properly decide not to receive evidence in support of those defenses, including duress. *See United States v. Seward*, 687 F.2d 1270, 1273 (10th Cir. 1982) (affirming trial court's restriction on introduction of evidence in support of necessity and "choice of evils" defenses).

Mr. Graham attempts to distinguish these cases by noting that unlike those defendants, he refused to provide any support for his duress defense before trial and claimed that he could not constitutionally be required to do so. We are unpersuaded. If a defendant refuses to make an evidentiary proffer such that the trial court cannot *consider* the evidence's admissibility, the trial court's exclusion of that evidence does not generally implicate a defendant's constitutional rights.

A trial court may properly assess the sufficiency of a defendant's duress defense before it is submitted to the jury as part of its "gate-keeping responsibilities," *see Portillo-Vega*, 478 F.3d at 1197–1202, or its "inherent authority to manage the course of trials," *Alicea*, 837 F.2d at 107 (internal quotation marks omitted). The court may conduct this review before trial, during trial, or at the close of evidence before an instruction on the defense is submitted to the jury. *See Portillo-Vega*, 478

6

F.3d at 1202 (precluding duress defense altogether after pretrial hearing, which was consented to by both parties); *Alicea*, 837 F.2d at 107 (precluding duress defense altogether after pretrial hearing, which defendants contend was required in error); *United States v. Bifield*, 702 F.2d 342, 346–47 (2d Cir. 1983) (precluding duress defense altogether after hearing held outside the presence of the jury during trial); *Bailey*, 444 U.S. at 416–17 (precluding one defendant from introducing evidence of duress mid-trial, and denying three other defendants' requests after the close of evidence in a separate trial to have duress instruction submitted to jury).

It is not uncommon for defendants to be required to proffer evidence of their defense(s) in advance of trial; in fact, the Federal Rules of Criminal Procedure expressly require defendants to provide the government with pretrial notice that they intend to pursue alibi, insanity, or public-authority defenses. *See* Fed. R. Crim. P. 12.1(a)(2) ("[T]he defendant must serve written notice on an attorney for the government of any intended alibi defense," which must include names, locations, and other details relevant to an alibi defense); *id*. at 12.2 (insanity defense); *id*. at 12.3 (public-authority defense). Several states also expressly require defendants to provide pretrial notice of other defenses, including duress. *See, e.g.*, Mich. Comp. Laws Ann. § 768.21b(1) (requiring defendants charged with escape to provide the prosecution with notice of their intent to raise the defense of duress at trial); Ariz. R. Crim. P. 15.2(b) ("[T]he defendant shall provide a written notice to the prosecutor specifying all defenses as to which the defendant intends to introduce evidence at trial."); N.C. Gen. Stat. § 15A-905(c)(1) (requiring defendants to "[g]ive notice to the State of the

7

intent to offer at trial" any one of several defenses, including duress and entrapment, as well as "specific information as to the nature and extent of the defense").

Defendants have challenged these requirements as unconstitutional, but the Supreme Court and federal circuit courts have uniformly upheld their validity. To begin, the Supreme Court concluded that notice-of-alibi rules like those in Florida do not violate a defendant's due process rights under the Fifth and Fourteenth Amendments, including a defendant's privilege against self-incrimination. *See Williams v. Florida*, 399 U.S. 78, 81–83 (1970); *but see Wardius v. Oregon*, 412 U.S. 470, 472 (1973) (holding that Oregon's notice-of-alibi rule violated defendant's due process rights under Fourteenth Amendment where rule did not provide for reciprocal discovery). Similarly, a trial court does not violate a defendant's due process rights by requiring an evidentiary proffer. *Cummings v. Evans*, 161 F.3d 610, 619 (10th Cir. 1998) ("[N]othing in the Fifth Amendment privilege entitles the defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense." (quoting *Williams*, 399 U.S. at 85)); *Lakin v. Stine*, 80 F. App'x 368, 378 (6th Cir. 2003) (unpublished) (concluding that defendant's failure, pre-trial, to establish sufficiency of duress defense as defined under Michigan law, deprived him of ability to present defense at trial and did not violate his due process rights); *United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994) ("[W]here there is insufficient evidence, as a matter of law, to support an element of the affirmative defense, the defendant can be precluded from presenting any evidence of duress to the jury," and such a ruling does not violate a defendant's due process rights). *See*

8

*also Johnson v. State*, 379 A.2d 1129, 1131 (Del. 1977) ("[I]t was entirely proper for the Trial Court to settle pretrial as many questions of law as possible [on the issue of duress/justification], including questions of relevancy and adequacy of certain lines of evidence.").

Requiring an evidentiary proffer also does not violate the other components of a defendant's "right to present a defense," including the right to testify or the right to confront and examine witnesses. We have held previously that the right to present a defense "is not without limits. At a minimum, a defendant is limited to presenting relevant evidence." *United States v. Markey*, 393 F.3d 1132, 1135 (10th Cir. 2004). *See also United States v. Hernandez,* 829 F.2d 988, 995 (10th Cir. 1987) (affirming district court's conclusion "that the later threat had no bearing on defendant's state of mind at the time the acts charged in the indictment were committed [for purposes of duress defense], i.e., the evidence was not relevant, Fed. R. Evid. 401, and was thus inadmissible. Fed. R. Evid. 402"). This holds true with respect to the right to testify; a defendant does not have an unfettered right to testify on any topic that he wishes. *See Rock v. Arkansas*, 483 U.S. 44, 55 (1987) ("[T]he right to present relevant testimony is not without limitation. The right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." (internal quotation marks omitted)). The testimony must still be *relevant*, and to make a relevance determination, a trial court must review the evidence with reference to the specific elements of the offense (or defense) in question. *See Markey*, 393 F.3d at 1135. Where a defendant refuses to make a proffer and thereby precludes the trial

9

court from conducting this review, the court's exclusion of the evidence does not violate a defendant's right to testify. Whether the district court excluded the evidence because the proffer did not adequately support the defense or because there was no proffer, the threshold showing of relevance has not been met. *See Portillo-Vega*, 478 F.3d at 1197–2000 (holding that duress evidence was properly excluded where defendant failed to proffer evidence on each element of the defense).

Equally, the Confrontation Clause is not without limits—it does not guarantee cross-examination "that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). As with a defendant's own testimony, the testimony a defendant wishes to elicit from another witness may prove to be irrelevant, and thus inadmissible. Requiring a proffer to allow the court to make this admissibility determination does not violate a defendant's rights under the Confrontation Clause. For example, although we held in *United States v. Montelongo* that a trial court's foreclosure of an entire line of cross-examination violated a defendant's rights under the Sixth Amendment, we were able to do so only *after* reviewing the testimony the defendant wished to elicit, which had first been proffered to the district court. 420 F.3d 1169, 1173–75 (10th Cir. 2005).

And requiring a proffer is constitutional regardless of *when* the trial court imposes such a requirement. A trial court may permit a defendant to wait until trial to make a proffer, and it may even permit a defendant to wait until after the government's case-in-chief—one of the options the district court offered Mr. Graham here. But the Supreme Court observed that where the basis of the defense is not

10

disclosed until trial, the prosecution may be entitled to a continuance on the grounds of surprise. *Williams*, 399 U.S. at 85–86. If that process is constitutionally permissible, the Court reasoned, "then surely the same result may be accomplished through pretrial discovery, as it was here, avoiding the necessity of a disrupted trial." *Id.* at 86. Although *Williams* considered the issue in the context of an alibi defense, there is no credible rationale for imposing more stringent constitutional requirements on the timing of a proffer to establish a duress defense. *See United States v. Ramirez-Chavez*, 596 F. App'x 290, 292 (5th Cir. 2015) (unpublished) ("[T]he overwhelming majority of federal courts of appeals have permitted pretrial review of a defendant's evidence relating to a defense of duress."). And Mr. Graham points to no authority holding otherwise.

Here, the trial court afforded Mr. Graham the opportunity to make a proffer before trial and even after the government presented its case in chief. Indeed, the government had no objection to Mr. Graham presenting the evidence, without first making a proffer, during the bench trial. Mr. Graham rejected all of those options, believing he had the right to withhold support for his duress defense until the evidence could be presented to the jury. He was wrong.

## IV. CONCLUSION

The district court did not violate Mr. Graham's constitutional rights by requiring him to proffer some evidence on each element of duress before allowing that evidence to be presented to the jury. Accordingly, we AFFIRM.

Entered for the Court


Carolyn B. McHugh
Circuit Judge