FILED
United States Court of Appeals
Tenth Circuit

June 7, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

MARCELLO MALDONADO
PEREZ,

　　　　Petitioner-Appellant,

v.

LOU ARCHULETA, Warden,
F.C.F.; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

　　　　Respondents-Appellees.

No. 17-1324
(D.C. No. 1:15-CV-02552-RBJ)
(D. Colo.)

_____

ORDER DENYING A CERTIFICATE OF APPEALABILITY[*]
_____

Before **LUCERO**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Mr. Marcello Maldonado Perez, a Colorado state prisoner appearing

pro se, seeks a certificate of appealability to appeal the district court's

denial of habeas relief. We deny a certificate and dismiss the appeal.

1.　　**Background**

Mr. Perez was convicted in Colorado state court of kidnapping,

sexual assault, and felony murder based on the fatal stabbing of a

---

[*] 　　This order does not constitute binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But the
order and judgment may be cited for its persuasive value under Fed. R.
App. P. 32.1(a) and 10th Cir. R. 32.1(A).

convenience store clerk. After unsuccessfully appealing and seeking post-conviction relief in state court, Mr. Perez sought federal habeas relief based on

1. violation of the Fifth Amendment through questioning without a *Miranda* warning,

2. violation of the constitutional right to a complete defense by excluding certain evidence regarding alternate suspects for the crimes,

3. denial of a fair trial by allowing the prosecution to present evidence of prior bad acts,

4. deprivation of due process by giving a flight instruction to the jury, and

5. ineffective assistance of trial counsel.[1]

The district court dismissed all of the claims. Because the dismissals were not reasonably debatable, we deny Mr. Perez's request for a certificate of appealability.

## 2. Appellate Jurisdiction

The threshold issue involves our jurisdiction.

Appellate jurisdiction hinges on the timely filing of a notice of appeal. *Smith v. Barry*, 502 U.S. 244, 245 (1992). This notice was due 30 days after the filing of the judgment. Fed. R. App. P. 4(a)(1)(A).

---

[1] In his habeas petition, Mr. Perez also claimed ineffective assistance on his direct appeal. But Mr. Perez did not raise this claim in his application for a certificate for appealability.

The notice of appeal was filed on September 12, 2017, which was more than 30 days after the district court's judgment. But within the 30-day deadline, Mr. Perez had filed motions seeking leave to appeal in forma pauperis and appointment of counsel. In these motions, Mr. Perez identified the appellate issues and clarified that he intended to appeal the denial of his habeas application.[2] By identifying the appellate issues and the district court ruling, Mr. Perez supplied the functional equivalent of a notice of appeal, triggering our appellate jurisdiction. *See Smith*, 502 U.S. at 248-49; *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007).

**3.    The Applicable Standard for a Certificate of Appealability**

Mr. Perez must obtain a certificate to appeal the district court's denial of habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3). To obtain a certificate, Mr. Perez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). When a district court rejects a claim on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2]    Mr. Perez alleged that he had included a timely notice of appeal in the package containing the two motions, and the two motions were filed on August 23, 2017. The two motions also bear a certificate reflecting service of a notice of appeal.

3

When a federal district court has dismissed a habeas petition on procedural grounds, the petitioner must show that reasonable jurists could debate

- the validity of the constitutional claim and

- the correctness the court's procedural ruling.

*Id.* at 484-85.

We consider this burden against the overarching standard in district court for habeas relief. When a state appellate court has adjudicated a claim on the merits, the petitioner must demonstrate that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This "highly deferential standard . . . demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted). Deference is also required on factual issues, where federal courts must presume the correctness of a state court's findings unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

### 4. Use of Statements Made Without a *Miranda* Warning

Mr. Perez claims that his statements were used at trial even though he had been questioned without a *Miranda* warning. This claim lacks

4

reasonable support under our precedents because Mr. Perez was not in custody.

The Supreme Court has held that an individual is entitled to a *Miranda* warning before a "custodial interrogation." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The interrogation is custodial when "there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (internal quotation marks omitted).

To determine whether Mr. Perez was in custody, the court should begin with "the circumstances surrounding the interrogation," which entails a factual question entitled to a presumption of correctness when decided by a state court. *Thompson v. Keohane*, 516 U.S. 99, 112 (1995); *see* 28 U.S.C. § 2254(e)(1). The court then decides whether reasonable persons would have believed that they could end the interrogation and leave. *Thompson*, 516 U.S. at 112 (footnote omitted). This is a mixed question of law and fact, which turns on application of the legal standard to the historical facts. *Id.* at 112-13.

Mr. Perez argued to the state trial court and on direct appeal that his statements to detectives should have been suppressed based on the absence

of a *Miranda* warning.[3] In rejecting this claim on the merits, the Colorado Court of Appeals held that Mr. Perez had not been in custody during this questioning. The court summarized the circumstances:

> The investigators asked permission to speak with [Mr. Perez]; they questioned him on his front porch; he did not know that they had a warrant for his arrest; they asked general, open-ended questions in a conversational tone; they did not give defendant directions or orders; they did not restrict his movements; and defendant reacted calmly to their presence and to their questioning.

R. Vol. I at 464-65.

Mr. Perez argued in the district court that the state appeals court had unreasonably applied governing legal principles. But his argument was admittedly based on a version of events that conflicted with the state appeals court's factual findings, which are presumed correct. *Id.* at 485; *see* 28 U.S.C. § 2254(e)(1).

Mr. Perez argues on appeal that reasonable persons would have believed that they were in custody because

- five police officers accompanied the detective who conducted the questioning and

- Mr. Perez was ordered to sit in a chair.

---

3    In the habeas petition, Mr. Perez also alleged violation of his constitutional rights by the state courts' failure to suppress statements that he had made to his wife when she visited him in jail. But Mr. Perez did not address this issue in his application for a certificate of appealability.

But the state appeals court found that the police had not ordered Mr. Perez what to do or restricted his movements, and this finding is preemptively correct. *See* 28 U.S.C. § 2254(e)(1). The state appeals court also considered the presence of the other officers. Their presence does not undermine the state appeals court's ultimate conclusion on custody.

* * *

Reasonable jurists could not debate the district court's ruling on whether Mr. Perez had been in custody when questioned by the detectives. Thus, we decline to issue a certificate of appealability on this issue.

**5.     Right to Present a Complete Defense**

We also decline to issue a certificate on the claim involving a right to present a complete defense.

This right is protected under the U.S. Constitution. *See United States v. Markey*, 393 F.3d 1132, 1135 (10th Cir. 2004). Nonetheless, evidence could be excluded if its probative value had been outweighed by other factors, such as unfair prejudice, confusion of the issues, or potential to mislead the jury. Colo. R. Evid. 403; *see Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is . . . inadmissible under standard rules of evidence.").

On direct appeal, Mr. Perez contended that the trial court had violated his constitutional right to present a complete defense by excluding evidence that other suspects (the Bautista brothers)

7

- were serving life sentences for murder at the time of Mr. Perez's trial,

- were violent, and

- habitually carried knives.

The state appeals court concluded that the trial court had not abused its discretion in excluding this evidence, reasoning that

- the evidence regarding the Bautista brothers' convictions and sentences would have been relevant only for an impermissible purpose and the conduct underlying their convictions did not resemble the conduct being charged here,

- the proffered testimony that the Bautista brothers were violent and carried knives had been too remote in time to be relevant, and

- the trial court had "otherwise allowed the defense significant latitude to introduce evidence about the Bautista brothers in an effort to link them to the murder in this case."

R. Vol. I at 473.

In his habeas petition, Mr. Perez renewed these arguments and suggested error in excluding the requested evidence about the Bautista brothers' responsibility for the crimes. The district court concluded that the record had not supported Mr. Perez's contentions.

For the excluded evidence, the district court reasoned that

- Mr. Perez had not shown that the exclusion was contrary to, or resulted from an unreasonable application of, clearly established federal law as established by the Supreme Court and

8

- even if the trial court had erred in excluding the evidence, the error would have been harmless in light of the cumulative nature of this evidence and the significant evidence supporting Mr. Perez's conviction.

Mr. Perez does not present a persuasive reason to question the district court's reasoning.

According to Mr. Perez, the state trial court prevented a fair opportunity to present his defense. But Mr. Perez does not address the state courts' contrary findings or the federal district court's rationale on harmlessness. Under these circumstances, reasonable jurists could not debate the district court's ruling on this claim.

**6.      Admission of Evidence of Mr. Perez's Prior Bad Acts**

Mr. Perez also alleges violation of the Fourteenth Amendment's right to a fair trial by allowing the introduction of evidence that he had previously kidnapped a convenience store clerk with a knife. The trial court had admitted the evidence for the limited purpose of showing the "defendant's identity, modus operandi, and common plan/scheme." R. Vol. I at 469 (internal quotation marks omitted). Thus, the court instructed the jury that the evidence could be considered only for this purpose.

On direct appeal, the state appeals court upheld the trial court's decision under Colorado law, concluding that the potential for unfair prejudice from this evidence had not substantially outweighed the

9

probative value. The court reasoned that the evidence had involved acts sufficiently similar to the charged offense to bear on a permissible purpose.

Under Supreme Court precedent, this evidentiary decision would violate the U.S. Constitution only if the trial had been rendered fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (declining to hold that admission of prior-acts evidence violated due process because its admission did not "so infuse[] the trial with unfairness as to deny due process of law" (internal quotation marks omitted)). The district court concluded that the ruling had not rendered the trial fundamentally unfair because the evidence was relevant and a limiting instruction had lessened the potential for unfair prejudice.

In his application for a certificate of appealability, Mr. Perez does not challenge the district court's reasoning; he instead argues that admission of this evidence violated the Federal Rules of Evidence and Colorado law. But the Federal Rules of Evidence do not apply to the trial in state court (*see* Fed. R. Evid. 1101(a)), and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Thus, reasonable jurists could not debate the correctness of the district court's ruling on this claim.

## 7. Jury Instruction on Flight

Mr. Perez claims a denial of due process from the instruction that the jury could consider flight as evidence of consciousness of guilt. On direct appeal, Mr. Perez challenged the sufficiency of the evidence for the instruction. The state appeals court rejected this challenge, concluding that the instruction had fallen within the trial court's discretion.

In district court, Mr. Perez argued that the jury instruction on flight had improperly lessened the prosecution's burden of proof. The district court rejected this claim and regarded any constitutional error as harmless.

On appeal, Mr. Perez does not renew his argument on the burden of proof or address the determination of harmless error. Instead, he asserts only that the evidence did not support the jury instruction.

The state trial and appellate courts concluded that the fact-finder could reasonably infer flight. In federal district court, Mr. Perez did not challenge this conclusion. Nonetheless, the federal district court concluded that the jury instruction had been supported by the evidence. This conclusion is not reasonably debatable.

## 8. Ineffective Assistance of Trial Counsel

Mr. Perez also challenges the rulings rejecting his ineffective-assistance claims based on his trial counsel's failure to depose the Bautista brothers, to elicit expert testimony about sexual assaults, to seek suppression of certain statements based on the Sixth Amendment, and

11

to request dismissal based on the failure to preserve certain exculpatory evidence.

The district court regarded these claims as procedurally defaulted, which would generally preclude habeas relief. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). But Mr. Perez argued in the district court that the procedural default was excusable because these claims had merit and he lacked an attorney in the post-conviction proceedings. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012) (holding that a procedural default is excused when the state failed to provide post-conviction counsel and ineffective-assistance claims have some merit).

Even if the ineffective-assistance claims had not been subject to a procedural default, they would have failed on the merits. The district court concluded that these claims had lacked merit, and Mr. Perez does not address the district court's conclusion or rationale. He instead asserts a new list of alleged deficiencies in his trial counsel's performance.[4]

---

[4] The only claim touching on an issue presented in district court is that his trial counsel was ineffective in failing to move for mistrial "when it became known that the F.B.I. destroyed evidence from the case." Appellant's Opening Br. at 14. In federal district court, Mr. Perez claimed that his trial counsel should have moved for a mistrial based on the government's failure to preserve three specified items of allegedly exculpatory evidence (fingerprints from a phone booth near the convenience store, a cigarette butt from the convenience store, and stomach contents of the victim). Mr. Perez did not link the FBI to the failure to preserve this evidence in district court. Thus, the appellate argument was not adequately raised in district court.

12

Our rule against considering unpreserved issues applies "not only [to] a bald-faced new issue presented on appeal, but also [to] situations where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented below." *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015) (internal quotation marks and brackets omitted). Mr. Perez is not entitled to appellate review of these additional incidents of ineffective assistance because he did not present them in district court. *See id.*

**9. Statute of Limitations**

Mr. Perez also wants to appeal whether the trial court had erred in finding that he had been charged with sexual assault within Colorado's statute of limitations. But this issue was waived through omission in the habeas petition. *See Grant v. Royal*, 886 F.3d 874, 909 (10th Cir. 2018).

**10. Conclusion**

Because the rulings are not reasonably debatable, we deny the request for a certificate and dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

13